DEFFENBAUGH *v.* RODEN.

Opinion delivered October 6, 1930.

*Partain & Agee,* for appellant.

*D. H. Howell,* for appellee.

McHANEY, J.   On December 7, 1928, O. C. and Ida Deffenbaugh, husband and wife, were murdered in Crawford County, Arkansas.   By this murder their two little children, Clifford Lynn, aged three, and Mary Virginia, aged fifteen months, were made orphans. Thereafter, on December 21, 1928, the appellant, a paternal aunt of said children and the appellee, the maternal grandmother of said children, filed separate petitions in proper form and duly verified in the probate court of Crawford County, the residence of said children, for their adoption.   The probate court, on the same day, heard both petitions separately, made and entered an order granting the petition of appellant for the adoption of said children, and made and entered a separate order denying the petition of the appellee for their adoption. Thereafter, on April 23, 1929, appellee filed with the clerk of the probate court an affidavit for an appeal from the order of the court granting the petition of appellant for the adoption of said children, which was presented to the court and an order made granting the appeal; and on the same day appellee filed a separate affidavit for appeal from the order of the court denying her petition for adoption, which was presented to the court and an appeal was granted to the circuit court.

Appellant appeared in the circuit court at the November term, 1929, and moved to dismiss the appeal from the order of the court adopting said children to her on the ground, as stated in the motion, that appellee "is not entitled to maintain same and has no interest in the subject-matter that would give her a right to take said appeal, and she is not a proper party to appeal said cause." The court overruled said motion to dismiss, consolidated both appeals and entered upon a trial of the case. The matter was submitted to a jury over appellant's objections and exceptions. There was a verdict and judgment for appellee, from which this appeal is prosecuted.

We are of the opinion that the court erred in not dismissing the appeal from the order of adoption in favor of appellant for the reasons stated in the motion. Appellant filed a petition for the adoption of the children, which was in proper form, and a proper order was made granting the petition. Appellee was not a party to this proceeding. She had an independent petition of her own for the adoption of the children, which was denied. She had no vested interest in, or right to, the adoption of them to herself. Of course, it was the duty of the probate court to determine whether the appellant was a proper person to have the custody, care and control of said children, and we presume that it did so. We have carefully examined the evidence that was introduced on the trial of the case in the circuit court, and have reached the conclusion that perhaps the probate court, in making the order of adoption it did make, acted wisely and to the best interests of the children, although there is no great difference in the financial standing of the parties, or the moral and intellectual surroundings. Appellee, not being a party to the petition filed by appellant and the proceedings had thereon in the probate court, did not make herself a party by appealing from the order of adoption in her own name. Not being a party and not having the right to appeal in

her own name from such order the case should have been dismissed in the circuit court on motion of appellant.

For the error indicated, the judgment will be reversed, and the cause dismissed.