FRIES v. PHILLIPS.

4-3540

Opinion delivered October 8, 1934.

*Robert Bailey,* for appellants.
*Reece Caudle,* for appellee.

BAKER, J. This is an appeal from the circuit court of Pope County, in a cause wherein a controversy has arisen between appellants and Nora Phillips, appellee, as to the right of appellants to adopt a child, Dolores Sulzer, whose parents, Joseph Sulzer and Myrtle Phillips Sulzer, are both dead; the said Dolores Sulzer being a niece of appellants and a grandchild of Nora Phillips.

The cause originated in the probate court of Pope County, in which county the appellants filed their veri-

fied petition, therein stating that Dolores Sulzer was born on March 30, 1928, of Joseph Sulzer and Myrtle Phillips Sulzer; that Myrtle Phillips Sulzer has predeceased her husband by several months. Joseph Sulzer died March 5, 1933, at Harlingen, Texas. His wife, the mother of Dolores, had been in the hospital for several months prior to her death, and Nora Phillips, the grandmother of the child, had cared for it a larger part of the time since its birth, and particularly during the period the child's mother was confined to the hospital. Prior to the death of the mother of the child, it is alleged in the proof that the mother and father both had asked the appellee to take the child and rear it, and prior to the death of Joseph Sulzer, but after the death of his wife, he had written several letters and sent telegrams to his sister, Catherine Fries, requesting that she come and get the child and take it to her home in California.

The Fries lived within about four blocks of her father and mother, William Sulzer and wife, who were also the father and mother of Joseph Sulzer. The Sulzers and Fries were ordinarily well-to-do people, having good homes and pleasant surroundings.

An older child of Joseph Sulzer and his wife, a boy, had been given to the father and mother of Joseph Sulzer and Mrs. Fries, and had been taken by them to California and was living with them. It was the intention of the appellants herein to adopt Dolores and take her to their home in California, and they had left their home and had gone to southern Texas for the purpose of getting the child, but found that the appellee had left her husband in Texas and had taken the child to Pope County.

After getting to Pope County, the appellee, Mrs. Phillips, had taken the child to the home of her brother and mother, who lived a few miles from Russellville. Mrs. Phillips' mother, the child's great-grandmother, is an old lady about eighty-two years of age, receiving a Federal pension of $50 a month. The brother of Nora Phillips is on a small tract of land, is not indebted in any amount, except for taxes, and the four of them are living together in a small four-room house.

A younger brother of Mrs. Phillips had been working for some of the governmental agencies and had but recently returned to this home, living there at the time the trial was had in the circuit court.

At the time Mr. and Mrs. Fries filed the application to adopt the child in probate court of Pope County, the probate judge made an order fixing the date for the hearing and directed the sheriff to bring the child to probate court on a day fixed in the order.

At the time of the hearing, Mrs. Nora Phillips, the appellee, filed a response to the application of Mr. and Mrs. Fries, denying the right of Mr. and Mrs. Fries to adopt the child and praying that she be permitted to adopt it. The probate court made an order permitting Mr. and Mrs. Fries to adopt Dolores. An appeal was prayed to the circuit court by the appellee herein. In the circuit court the matter was submitted to a jury, and the jury returned its verdict in favor of Mrs. Phillips, the appellee. Upon this verdict the court rendered judgment, with findings of fact as follows:

"That the child is a minor, five years of age, and the daughter of Myrtle Phillips Sulzer, who died July 11, 1932, and Joseph Sulzer, who died March 5, 1933; that the said child, Dolores Sulzer, is a resident of Pope County, Arkansas; that Catherine Fries, sister of Joseph Sulzer, deceased, and her husband, Xavier Fries, are residents of Oakland, California, and that Mrs. Nora Phillips, mother of Myrtle Phillips Sulzer, deceased, and grandmother of Dolores Sulzer, is a resident of Pope County, Arkansas. The court further finds that the minor, Dolores Sulzer, is now and has been, of necessity, continuously since her birth, in the care and custody of petitioner, Mrs. Nora Phillips, the appellee herein, and that it is to the best interest of the minor, Dolores Sulzer, that she remain with petitioner, Mrs. Nora Phillips, until further orders of the court."

The court then ordered and adjudged that the petition of Catherine Fries and Xavier Fries, be denied, and that petition of Nora Phillips for adoption also be denied, but that Mrs. Nora Phillips have custody of the minor, Dolores Sulzer, until further orders of the court,

and retained jurisdiction of the case to make such further orders as might be proper.

Considerable testimony was taken, touching largely upon the proposition of the desires of the father and mother of the child, as to what person should have its care and custody. This evidence was conflicting, and, presumptively, the court submitted to the jury whatever questions it was thought expedient to be settled by the jury. The instructions are not brought forward in the abstract. Therefore, necessarily, we must further presume that whatever instructions were given, correctly submitted each point in controversy.

Motion for a new trial was filed and overruled. The appeal was prayed and granted. The motion for new trial, however, is not brought forward in the abstract. Three matters, however, are argued in the brief as reasons why we, as a matter of law, should reverse the case.

First is the asserted desires of Joseph Sulzer, father of Dolores, that his sister and brother-in-law have custody of Dolores for the purpose of rearing her. The love of the father for the child is earnestly argued, but the evidence, as abstracted, as to his conduct toward the child, and also as to what his desires were, we find, is conflicting, and the jury's verdict upon that question is conclusive. We deem it unnecessary to set out this testimony.

The next, or main question, that is argued is that the welfare of the child should be the controlling factor in the rendition of the decision. We have already stated sufficient facts concerning Mr. and Mrs. Fries; and it has already been shown that the appellee, Mrs. Nora Phillips, had the custody of this child and has practically reared it. The appellants would have us infer that she most probably left southern Texas and made her trip to Pope County in order to avoid having the child taken from her upon the arrival of Mr. and Mrs. Fries, who went from California to Texas for that purpose. The inference may be a correct one, and we are willing to assume that it was, but, if so, it tends to prove at least that Mrs. Phillips had a very strong affection for her

grandchild, and that she was willing to suffer almost any discomfort or inconvenience in order that she might have the child with her and under her control.

It is forcefully presented that the two children should be brought up together, but it was the father who brought about their separation and whose own conduct made it impossible for them to be together. The children do not know each other, and the condition of each is now, and probably has been, far from ideal, but the courts must deal with conditions as they find them at the time causes are presented.

It is argued we should be controlled by the order of the probate court, as in the case of *Deffenbaugh* v. *Roden,* 182 Ark. 348, 31 S. W. (2d) 406. The question there decided was whether or not the appellee had a right to appeal from an order of adoption made by the probate court, the appellee not being a party to that proceeding but having filed another and independent petition for adoption of the same children. The appellee also appealed from an order denying the right of adoption upon her application, and the circuit court overruled a motion filed by the appellants to dismiss appellee's appeal from the probate court, because of the fact appellee was not a party to appellant's proceeding in the probate court. The court decided that one question and also made comment on the fact that the probate court, being acquainted with the facts, most probably, was right in permitting the appellants to adopt the two children.

The case here presents a different condition. Mrs. Phillips made herself a party to the proceeding by filing a response to appellants' petition to adopt, and she also prayed for the adoption on her own behalf. By making herself a party, she had a right to appeal and to a trial in the circuit court upon this appeal.

Upon conflicting and controversial testimony, properly submitted, we cannot, and do not, find any error in the trial court. It is unnecessary to set forth the evidence adduced at that trial, or to argue the same, for the reason that in this court we cannot try the case *de novo.*

The judgment of the circuit court is such that, the trial judge has retained jurisdiction, so as to control the custody of the child. We are impelled to defer to the discretion and judgment of that court.

The judgment of the circuit court is therefore affirmed.