GILLEN *v.* EDGE.

4-8787                                    217 S. W. 2d 926

Opinion delivered March 7, 1949.

*Byron Bogard,* for appellant.

*Robinson & Park,* for appellees.

GEORGE ROSE SMITH, J. Appellant is the mother of Carolyn Sue Williams, now ten years old. In 1943 appellant consented to an order of the Pulaski Probate Court by which the appellees adopted this child. Carolyn Sue lived with the appellees until they were divorced; she now lives with her foster mother.

On November 18, 1947, appellant petitioned the probate court to annul the adoption order, alleging that appellees have failed to provide a suitable home for the child, that Mrs Edge has publicly abused and beaten her, and that since the adoption proceedings the appellees have been divorced, remarried, and again divorced. The trial court sustained a motion to dismiss the petition, on the theory that appellant is not the proper party plaintiff. The court reasoned that by consenting to the order the appellant disclaimed any interest in the child's future and that the Juvenile Court, which had the child's care at the time of the earlier proceedings, is the proper plaintiff.

We think the court erred in dismissing the petition. Both the statute in force in 1943 (Pope's Digest, § 263) and the present law (Ark. Stats. [1947], § 56-110) provide that a petition to annul an adoption order may be filed if the adoptive parents fail to perform their obligations. Neither act specifies by whom the petition must be filed, and it is obvious that the natural mother ordinarily has a deeper interest in her child's welfare than any one else. Appellant's consent to the proceedings was of course based on the assumption that the appellees would give her daughter proper care. If they have not done so, appellant certainly has the privilege of bringing that fact to the court's attention. We do not construe Ark. Stats. (1947), § 56-118, as vesting in the Child Welfare Division the exclusive power to seek annulment of an adoption order.

Reversed and remanded for further proceedings.