CAPLES v. WAGES.

4-9549                                    241 S. W. 2d 111

Opinion delivered July 2, 1951.

*Ike Murry*, Attorney General, and *Arnold Adams*, Assistant Attorney General, for appellant.

*John C. Sheffield*, for appellee.

ROBINSON, J. This case involves the adoption of a little girl who was born to appellant on the 8th day of February, 1948. The baby was born at the home of the appellee. On the day of its birth the baby was given by

appellant, the natural mother, to the appellee. The natural mother also gave her written consent to the adoption of the baby by the appellee and appellee's husband.

On the 28th day of March, 1949, the Probate Court on the petition of appellee and her husband made and entered an interlocutory order of adoption. On the 18th day of October, 1950, the appellant and the State Welfare Department filed objections to the granting of the final order of adoption alleging that:

"1. Defendants were divorced in the Chancery Court of Phillips County, Arkansas, on September 7, 1950.

"2. That defendants have failed and neglected to perform their obligations to the infant, Beverly Jane Caples, in that Mr. Parker has left the State of Arkansas and his address is unknown, and Opal Parker has left the State of Arkansas and now resides in the State of Tennessee; that prior and subsequent to said divorce, defendants did not have custody of infant Beverly Jane Caples and did not give her the care, supervision, love and affection of a natural or adoptive parent.

"3. That it is for the best interest of infant Beverly Jane Caples that said temporary decree be cancelled, set aside and held for naught, and that the care and custody of said infant be placed with either one or both of interveners."

The Probate Court, after hearing the evidence, entered a final order of adoption. From that judgment comes this appeal. This case turns on a question of fact and it would serve no useful purpose to set out here an abstract of the testimony upon which the Probate Judge based the judgment. In rendering judgment the court made the following remarks:

"1. That the allegation of the interveners that Frank and Opal Parker are now divorced is sustained and admitted; that Opal Parker was awarded a final decree of divorce from Frank Parker on September 7, 1950, by the Chancery Court for Phillips County on the ground of desertion, and that she subsequently married Kenneth

D. Wages in November, 1950. The court takes judicial notice that many natural parents are divorced and their children continue to receive the love and affection, care and support of one or both parents; that the divorce in the case at bar is not of itself, sufficient basis upon which the former order of adoption should be set aside.

"2. That the allegations of the interveners that the child is not receiving the love, affection and care to which it is entitled, are wholly unsupported by the evidence, and the allegations are not sustained.

"3. That the allegations that the best interests of the child will be served by taking the child from the adopted parent and placing its custody in the natural mother and the Welfare Department are not supported by any substantial evidence, and therefore are not sustained.

"4. The court having heard and considered all the testimony and the statement of counsel; having observed and considered all the testimony and the demeanor of the natural mother, the manner and demeanor of the child, and manner and demeanor of the adopted mother and the adopted relatives of the child, the court is convinced that there exists no love or affection of the natural mother toward the child, or of the child toward the natural mother, or even of recognition of their natural relationship toward each other; that the adopted mother is the only mother, and the adopted relatives are the only relatives the child ever has known; that the mutual love and affection of the adopted child, the adopted mother and the adopted relatives is plainly apparent. The child is happy, active, well cared for, well mannered and sincerely loved by her adopted mother and her adopted relatives. That the moral and financial environment is much preferred to that of the environment proposed by the interveners and that the child is now being and will continue to be well cared for, loved and properly reared under the present arrangement. To uproot the life of this child, to tear apart the tender tendrils of love and affection which bind it to its adopted family would be a tragedy to this tender and innocent life, which this court,

with due regard to the expressed interests of all concerned, cannot in good conscience, lend itself to be the instrument. It is to the best interests of this child to remain in the custody of its adopted mother, Opal Parker Wages, and it is so ordered.''

Also, the appellant contends that the Welfare Department was not given an opportunity to resist the granting of the interlocutory order and that the Welfare Department had made no report in connection therewith. However, the interlocutory order shows that the report of the Welfare Department was considered at the time of the making of the order. The interlocutory order was made and entered on the 28th day of March, 1949, and no effort was made to set it aside.

Affirmed.