William A. NELSON and Emma L. NELSON
*v.* Helen SHELLY and Marvin SHELLY and
ARKANSAS DEPARTMENT OF SOCIAL SERVICES

CA 79-195                                     600 S.W. 2d 411
Court of Appeals of Arkansas
Opinion delivered March 5, 1980
Petition for review denied April 14, 1980
Petition for rehearing denied April 16, 1980
Released for publication April 16, 1980

*H. Ray Hodnett,* for appellants.

*James C. Hudson,* for appellees.

GEORGE HOWARD, JR., Judge. The issued presented is whether the trial court erred in denying appellants' motion to intervene in a consolidated proceeding involving the Arkansas Department of Social Services seeking guardianship with power to consent to the adoption of Anthony Lee Duncan, the illegitimate child of Earnestine Duncan, and a petition filed by Marvin and Helen Shelly to adopt the minor.

The relevant facts are: Anthony was born on October

26, 1977. William and Emma Nelson, appellants, have had the physical custody of Anthony since he was twenty (20) days old.

On July 5, 1978, the Arkansas Department of Social Services filed its petition, in the Crawford County Probate Court, for appointment of guardianship with power to consent to the adoption of Anthony.

On September 11, 1978, the mother executed a written consent for the Shellys to adopt Anthony. On the same day, the Shellys filed their petition to adopt Anthony in the Probate Court of Crawford County.

On December 27, 1978, Earnestine gave the Nelsons a written consent for the adoption of Anthony. On December 29th, she executed a written revocation of the consent she had given the Shellys.

On January 8, 1979, appellants filed their petition to intervene in the consolidated proceedings involving the Shellys and the Department of Social Services. The trial court in denying appellants' motion found:

> "1. That the proposed intervenors . . . are not necessary parties . . . and their interest, if any, can be adequately protected in a separate proceeding.
>
> . . .
>
> "4. That it is in the best interest of Anthony Lee Duncan that the petition of Arkansas Social Services for guardianship with power to consent to the adoption of said minor without the consent of or notice to the natural parents be granted."[1]

---

[1] Rule 24 of the Rules of Civil Procedure which became effective July 1, 1979, provides:

> "Upon timely application, anyone shall be permitted to intervene in an action . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

Rule 24 is not applicable in the instant case in view of the fact this proceeding was conducted before the effective date of the new rules.

It is plain that appellants have stood *in loco parentis* for Anthony since he was twenty (20) days old. Appellants' custody has been exclusive and uninterrupted for a period of time exceeding one year. Appellants are the only parents that the child has any knowledge of. Moreover, the appellants received a written consent for the adoption of Anthony. Under these circumstances, it seems self-evident that appellants possessed an interest in the child which qualified them as necessary parties to the proceeding involving the Arkansas Social Services, seeking guardianship of the minor with the right to consent to adoption, and the Shellys who sought to adopt Anthony pursuant to a purported consent given by the child's natural mother.

While the record is silent as to whether Anthony was present during the consolidated proceedings, Section 56-214(a) of the Revised Uniform Adoption Act makes it mandatory that the petitioner and the individual to be adopted *"shall appear"* at the hearings unless the presence of either is excused by the court for good cause. Inasmuch as appellants were standing *in loco parentis* of said child, it would appear that this provision, which is jurisdictional, could not be complied with without notice to appellants.

The trial court's order authorized the Arkansas Social Services Department to consent to the adoption of the minor, without "the consent of or notice to the natural parents." The court's action, in effect, rendered appellants' consent to adoption from the mother a nullity without affording appellants minimal requirements of due process, namely, a right to be heard. With appellants' consent rendered noneffectual, it is impossible to visualize appellants being in any posture at all to protect any purported interest they claim in a subsequent proceeding.

Under the circumstances, delineated in this record, we hold that appellants are necessary parties and the trial court erred in denying their motion to intervene.

Reversed and remanded.