In the Matter of the Adoption
of Thomas David HENSLEY, Lori Ann
HENSLEY, and Carmen Dawn HENSLEY,
Minors; Porter and Alene HENSLEY
v. Jack WIST and Catherine WIST

CA 80-258 607 S.W. 2d 80
Court of Appeals of Arkansas
Opinion delivered November 5, 1980

*Sam Ed Gibson, P.A.,* for appellants.

*Hall, Tucker, Lovell, Alsobrook & Moudy,* for appellees.

MARIAN F. PENIX, Judge. Three children were born to Catherine and Arthur Hensley. The Hensleys divorced in 1976. Catherine was awarded custody of Thomas, Lori Ann and Carmen. Catherine married Jack Wist in 1977. On November 3, 1978, Arthur Hensley, the natural father of the three children, was killed. The paternal grandparents, Porter and Alene Hensley, petitioned the Chancery Court for visitation pursuant to Ark. Stat. Ann. § 57-135 on November 8, 1979. No summons was issued and no other pleadings were filed.

On February 14, 1980, Jack Wist petitioned the Probate Court to adopt Catherine's three children. The Probate Court, over the objection of the Wists' attorney, permitted the grandparents' attorney to participate during the adoption hearing to the extent of cross-examination. The Court granted the adoption March 6, 1980. The grandparents' attorney asked the Chancellor (the same person as the Probate Judge) to rule on their November 8, 1979 petition for visita-

tion. Catherine Wist's (natural mother) motion for dismissal of the petition was granted by the Chancery Court. On March 21, 1980, the grandparents petitioned the Probate Court to set aside the adoption order. Jcak Wist responded the grandparents were not parties to the adoption action, had not timely applied to intervene under Rule 24 of the Arkansas Rules of Civil Procedure and that the petition was not timely filed under Rule 59 of the Arkansas Rules of Civil Procedure and moved to strike the petition. The grandparents have appealed the dismissal of the petition for visitation in Chancery and also the denial of the petition to set aside the Adoption Decree in Probate. The appeals have been consolidated.

We first turn to the issue of whether the Trial Court correctly dismissed the petition to set aside the adoption order. Ark. Stat. Ann. § 56-216 states:

> Appeal and validation of adoption decree. — (a) An appeal from any final order or decree rendered under this Act may be taken in the manner and time provided for appeal from a judgment in a civil action. (b) Subject to the disposition of an appeal, upon the expiration of one [1] year after an adoption decree is issued the decree cannot be questioned by any person including the petitioner, . . .

This statute which is couched in negative language gives rise to a corollary. For one year following the adoption decree, the adoption may be challenged by any person with an interest. Determining whether a party has an interest which allows this challenge is a more difficult question.

The instant case is factually distinguished from *Cotten* v. *Hamblin*, 234 Ark. 109, 350 S.W. 2d 612 (1961). In that case, the plaintiff was the paternal grandfather of two boys, aged 12 and 14 who had lived with the plaintiff and his wife for most of their lives. In October of 1959, an order of final adoption was entered which gave the two boys to the defendants, the Hamblins. At trial, the Probate Court had dismissed the petition of the paternal grandparents which challenged the

sought to annul the adoption decree. In reversing the Probate Court, the Supreme Court said:

> Of course, a rank outsider or mere stranger could not maintain a petition to annul an order of adoption, but in the case at bar the petitioners alleged that the little boys were living with petitioners who had the care and custody of the children for many years before they were taken away. So the petitioners occupied some sort of semi *loco parentis* relationship to the children, and are not entire strangers. A grandmother was held entitled to resist an adoption proceeding in *Fries* v. *Phillips*. (Cite Omitted). *Cotten*, supra, at 111-112.

Here, the appellants never had custody of the children. There is no evidence of a "loco parentis" relationship. While the children have been spending at least one week-end per month with their grandparents, this falls short of placing them in a loco parentis relationship. Absent this interest, the appellants have no legal interest in the adoption which would permit them to challenge the adoption decree. The Probate Court properly denied their petition to set aside the adoption decree.

Turning to the appeal from Chancery regarding the dismissal of the petition for visitation, we find error and must reverse. The chancellor should have held a hearing to determine if visitation rights should be granted in this case. Whether the granting of the petition is in the best interest of the children is a fact question to be decided by the Chancellor but one he is not preluded from granting as a matter of law.

The appellees have cited *Poe* v. *Case*, 263 Ark. 488, 565 S.W. 2d 612 (1978), as support for their position any right to visitation which the grandparents may have had was extinguished by the adoption. While the langugae in *Poe* strongly indicates this is the case, the language is dicta. In *Poe*, Christine Handy, a minor, was adopted by Jimmy Poe, husband of her natural mother, Carolyn Poe. It was determined the natural father had abandoned the child. The Trial Court in ordering the adoption, also granted to Bernice Case, the paternal grandmother, reasonable visitation rights. Subse-

quently, Mrs. Case filed a petition asking that the Poes be held in contempt for failure to allow her to exercise her visitation rights. Further, she asked the Court to set definite visitation rights. This was granted by the Trial Court. *Poe* dealt with the narrow issue of whether the Probate Court has the power to grant visitation. The Supreme Court, in reversing the grant of the petition, stated adoption, not having existed at Common Law, is a creature of statute. Nowhere is the Probate Court given the authority to grant visitation rights. While the opinion deals with the effect of adoption on different aspects of the relationship with the natural parent's family, this language is not pertinent to the issue and holding in th case, and is therefore not controlling.

Ark. Stat. Ann. § 57-135 states:

In any case whre a parent, either natural or adoptive, is deceased, the chancery court may, upon petition of either parent of the deceased parent, grant the petitioner reasonable rights to visit the children of the deceased parent and may enter appropriate court orders to enforce and insure such visitation rights.

This statute represents a legislative recognition of the rights of grandparents to visit with the children of a deceased child. Nowhere in the Adoption Code is this statute superseded and excepted. Utilization of this statute is the only vehicle by which these grandparents may insure they will be able to visit and communicate with the children of their deceased child. Furthermore, this is a case in which the natural parent had not abandoned his children before his death. Arthur Hensley had been supporting and visiting with his children pursuant to the Divorce Decree. Had he still been alive, he would not have lost his right to refuse to consent to the adoption of the children. There is no reason his family should be cut off from the children.

This case is remanded to the Chancery Court for a hearing on the Petition for Visitation Rights. The Chancellor is to hear this petition to determine if it is in the best interests of the children to grant the petition. We recognize the strong public policy favoring adoption in this state and the need to

make the new family as strong as possible. The Chancellor, in cases of this type, must determine if it is in the best interests of the children to see their grandparents. He must balance the two public policies, that of allowing visitation and that of making the adoptive family strong, and to determine the best interests of the children.

The appeal from the Saline County Probate Court is affirmed.

The appeal from the Saline County Chancery Court is reversed and remanded with directions to hold a hearing.