Alfred QUARLES and Florence QUARLES, his wife *v.* Larry Thomas FRENCH and Patricia Quarles FRENCH, his wife, In the Matter of the Adoption of Tony Dewayne FRENCH and Charles Waylon FRENCH, minors

80-226                                    611 S.W. 2d 757

Supreme Court of Arkansas
Opinion delivered February 23, 1981

*Gene E. McKissic*, for appellants.

*Thurman Ragar, Jr.*, for appellees.

STEELE HAYS, Justice. The issue raised by this appeal is whether grandparents who have been granted visitation rights pursuant to Ark. Stat. Ann. § 57-135 (Supp. 1979) have standing to intervene in proceedings for the adoption of their grandchildren, children of their deceased son. The trial court held that they did not. We have concluded that they do have limited standing to be heard and reverse.

The appellants, Alfred and Florence Quarles, are the natural grandparents of Tony Dewayne Quarles (French) and Charles Waylon Quarles (French), children of Patricia Quarles French and Jeffery Quarles, whose death occurred after he and Patricia had divorced. The appellants were awarded full custody of the two boys for a period of some

nine months under an order of the chancery court. Custody was returned to Patricia Quarles French in July, 1977, but the order granted weekend visitation rights to the appellants.

Patricia Quarles later married Larry Thomas French and in August 1979 they filed a petition for the adoption of the two boys by Mr. French. Notice was given to appellants who responded with a motion challenging the fitness of the appellees and relying on the visitation rights granted by the chancery court. Appellants' motion was treated by the probate court as a motion to intervene, which was denied and a final decree of adoption was entered. On appeal, appellants urge that they were entitled to notice of the adoption proceedings, were entitled to intervene and further, that their right of visitation has been abolished without the opportunity to be heard in violation of the Fourteenth Amendment guarantee of due process, also raised below. Without adopting the exact arguments of the appellants, we agree that in the attenuated circumstances of this case the appellants have not been afforded the opportunity to be heard due them under the Fourteenth Amendment.

First, it is evident that under the Arkansas Revised Uniform Adoption Act the appellants are not "persons required to consent to adoption." Ark. Stat. Ann. § 56-206 (Supp. 1979), and our holding is not intended to alter this provision. Since their consent is not required, the question remains whether the appellants otherwise have standing to intervene in the proceeding. More precisely, do the visitation rights previously granted them by the chancery court confer a sufficient interest in the adoption proceeding that appellants have standing to intervene? We think they do. It has been held at least twice in this jurisdiction that grandparents standing in *loco parentis* have a sufficient interest in the adoption of natural grandchildren to entitle them to intervene. Appellants have not only stood in *loco parentis* to these children, but have the added element of court ordered visitation rights. *Cotton* v. *Hamblin*, 234 Ark. 109, 350 S.W. 2d 612 (1961); *Nelson* v. *Shelly*, 268 Ark. 760, 600 S.W. 2d 411 (Ark. App. 1980).

At common law, a grandparent could not maintain an action for visitation rights to a grandchild except as a party to a custody proceeding. See, *Veazey* v. *Stewart*, 251 Ark. 334, 472 S.W. 2d 102 (1971). Cf. *Parks* v. *Crowley*, 221 Ark. 340, 253 S.W. 2d 561 (1952). Visitation rights are exclusively within the jurisdiction of the chancery courts. Ark. Stat. Ann. § 57-135 (Supp. 1979). But in this case, unlike *Veazey*, the appellants were parties to the earlier custody proceeding and have specific visitation rights granted by the chancery court. However, the decree of adoption, if granted, will effectively extinguish the visitation rights, since adoption under Ark. Stat. Ann. § 56-215 (a) (1) terminates the relational status between adopted individuals and their relatives, which is the legal foundation for the visitation rights granted to grandparents under § 57-135. This was the effect of our decision in *Poe* v. *Case*, 263 Ark. 488, 565 S.W. 2d 612 (1978).

In practical terms, we are faced with a situation in which the rights granted by one court are extinguished by another court without affording the parties holding those rights an opportunity to be heard. We believe that such a result is inconsistent with due process, which, at the very minimum, requires a reasonable opportunity to be heard. *Armstrong* v. *Manzo*, 380 U.S 545, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965). It follows that appellants are entitled to intervene as a matter of right, pursuant to Rule 24(a)(2) of the Rules of Civil Procedure. We do not reach the appellants' argument that they were constitutionally entitled to receive notice of the adoption proceeding, since they were, in fact, given timely notice.

This decision is restricted to the narrow principle that grandparents who have been granted visitation pursuant to Ark. Stat. Ann. § 57-135 have a sufficient interest in adoption proceedings to entitle them to intervene for the limited purpose of offering such evidence as may be relevant to the focal issue, i.e., whether the proposed adoption is in the best interest of the children. *Caples* v. *Wages*, 219 Ark. 252, 241 S.W. 2d 111 (1951); *Cotton* v. *Hamblin, supra*. In such cases, the court will weigh, among other considerations, the benefits flowing to the children from the granting of the

adoption, as opposed to disadvantages which may result from the severing of ties between the grandparents and the grandchildren, as the two are incompatible under our law, unless consensual. If the court resolves the issue in favor of adoption, of course, appellants' legal right of visitation is automatically extinguished. *Poe* v. *Case, supra.* If not, that right remains subject to the jurisdiction of the chancery court.

Since the court below never reached the merits of the issue here defined, we must reverse and remand this case for further proceedings not inconsistent with this opinion.

Reversed and remanded.

HICKMAN, J., dissents. He would affirm for failure to comply with Rule 9 (e).