Alfred COX et al *v.* James Ray STAYTON et ux et al

81-73                                    619 S.W. 2d 617

Supreme Court of Arkansas
Opinion delivered July 6, 1981
[Rehearing denied September 14, 1981.]

*East Texas Legal Services*, by: *David J. Manley*, for appellants.

*Joe C. Short* and *Dowd, Harrelson & Moore*, by: *C. Wayne Dowd*, for appellees.

STEELE HAYS, Justice. This litigation involves adoption proceedings of three infant children, Patricia Ann, Peggy and Billy Don Jurls. The appellants are the natural grandparents and bring this appeal challenging the adoption of the children by the appellees, who are their foster parents. We affirm the decrees of adoption.

In January 1979, Arkansas Social Services filed a

petition in Hempstead County Juvenile Court alleging dependency-neglect of Patricia Ann Jurls, age 3 years. Upon a hearing in the matter, the Juvenile Court ordered Patricia Ann, Billy Don, age 2, and Peggy, age 1, taken from the custody of their parents, George and Daisy Jurls, and placed with their grandparents, Alfred and Emma Cox, the appellants. On April 27, 1979, the deputy prosecuting attorney filed a petition for immediate removal of the children from the Cox home as being necessary to protect the health and physical well being of the children from immediate harm. On this petition, the Juvenile Court entered an order taking immediate custody of the children from the Cox home and placing them with a local agency, Southwest Arkansas Counselling and Mental Health Center. However, the Coxes promptly sought and obtained a writ of habeas corpus and the children were returned to the Cox home. This development was followed by a hearing in Juvenile Court on the April 27th petition and custody of the children was again granted to the Center with instructions to place the children in foster homes. Unable to place all three in the same home, the two girls were placed with appellees, James Ray Stayton and his wife, Phyllis Dale Stayton, and Billy Don with Thomas William Massey and his wife, Anita Karen Massey, also appellees here.

In January 1980 the Center petitioned the Hempstead Probate Court to terminate the parent-child relationship of the children from George and Daisy Jurls and to permit their adoption by the foster parents. Summons was issued and served upon George and Daisy Jurls and counsel for the appellants-grandparents filed an answer on their behalf. However, Daisy Jurls later filed an affidavit to the effect that she did not wish to be so represented and neither natural parent responded further to the petitions for adoption or appeared at the hearings below. The Staytons intervened seeking adoption of Patricia and Peggy and the Masseys intervened seeking to adopt Billy Don. The appellants, Alfred and Emma Cox, were also permitted to intervene in the proceedings alleging it would not be in the best interest of the children to grant the adoptions. They did not, however, seek to adopt the children themselves. On June 20, 1980, the Probate Court entered decrees of adoption in favor

of the appellees on each of the petitions and appellants now bring this appeal.

First the appellants argue that the probate court erred in failing to appoint legal counsel for the indigent minor children, Peggy, Patricia Ann and Billy Don Jurls, in violation of their Fourteenth Amendment rights to due process. We disagree. It should be noted here that the record reveals that the court did appoint counsel for the children. However, there is no indication that the attorney so named was ever given notice of the appointment and the record does not reveal any appearance on his part nor any participation in the proceedings. The appellants do not argue ineffectiveness of counsel on this appeal and we find it unnecessary to consider such an argument, had it been raised, since we conclude for the reasons stated below that appointment of counsel was not required.

In support of their contention that counsel must be appointed for indigent minors in adoption proceedings, appellates cite this court to *State* v. *Wade*, 527 P. 2d 753 (Or. App. 1974). However, the appellants have disregarded the later cases of *Matter of D*, 547 P. 2d 175 (Or. App. 1976), and *Segrest* v. *Bradshaw*, 551 P. 2d 456 (Or. App. 1976), which specifically overturned the *Wade* holding. In *Segrest*, the Oregon court held that independent counsel for the indigent minors in an adoption proceeding was required only when "in the judgment of the trial court, it is necessary in the particular case for the protection of the child's interest." *Segrest*, at 458. We believe this approach is sound. In *Smith* v. *Organization of Foster Families*, 431 U.S. 816 (1977), the Supreme Court, in dicta, has evidently approved a case by case determination of whether independent counsel is required. In *Smith*, the issue of a right to counsel for the indigent adoptees was not argued on appeal, counsel for the children having been appointed in the trial court below. However, in its discussion of the circumstances of the *Smith* case, the court noted in its footnote 44 that it approved of the appointment of independent counsel for the children where it appeared necessary to protect the interests of the children. In this case, we believe that given the ages of the children at the time of the hearing, the strong advocacy of the appel-

lants, their natural grandparents, and of the appellees, their foster parents, we conclude that the welfare of the children was adequately protected by the parties to the adoption as to the central issue of the proceeding, i.e., the best interest of the children. *Cotton* v. *Hamblin*, 234 Ark. 109, 350 S.W. 2d 612 (1961), and *Quarles* v. *French*, 272 Ark. 51, 611 S.W. 2d 757 (1981).

The appellants also argue that the trial court erred in failing to appoint independent counsel for the indigent natural parents, Daisy and George Jurls. We disregard this argument because the appellants have no standing to raise such an issue. Constitutional rights, including the guarantee of due process, are personal rights and may not be asserted by a third party. *Broadrick* v. *Oklahoma*, 413 U.S. 601, 93 S. Ct. 2908, 37 L. Ed. 2d 830 (1973), and *Barrows* v. *Jackson*, 346 U.S. 249, 73 S. Ct. 1031, 97 L. Ed. 2d 1586 (1953). A very narrow exception exists where the issue presented to the court would not otherwise be susceptible of judicial review and it appears that the third party is sufficiently interested in the outcome that the rights of the other party would be vigorously asserted and, thus, adequately represented. *Eisenstadt* v. *Baird*, 405 U.S. 438, 92 S. Ct. 1029, 31 L. Ed. 2d 349 (1972), and *Griswold* v. *Connecticut*, 381 U.S. 479, 85 S. Ct. 1678, 14 L. Ed. 2d 510 (1965). We agree that the issue of the children's possible right to counsel would not otherwise be susceptible to judicial review, and therefore we reach that issue as stated above. However, any right to counsel by the parents could be as well asserted by the parents themselves and would be easily reviewable had the parents joined in this appeal to claim such right, or had they remained as parties to the proceedings below. We therefore decline to recognize standing by these appellants to raise constitutional arguments on behalf of parents, who themselves have declined to do so.

Next, appellants argue that the court below erred in not joining the Division of Social Services, Arkansas Department of Human Services as a party to the adoption proceedings under Rule 19, A.R.C.P. Rule 19 provides:

A person who is subject to service of process shall be

joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or, (2) he claims an interest relating to the subject of the action and in his absence may (i) as a practical matter, impair or impede his ability to protect that interest, or, (ii) have any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reasons of his claimed interest.

We find nothing in Rule 19 which compels the joinder of the Division of Social Services in all adoption proceedings. Significantly, the relief sought in an adoption proceeding is the adoption itself; and by terms of our adoption statute, Ark. Stat. Ann. §§ 56-201, *et seq.*, such relief may be granted whether Social Services is a party or not. Therefore, the department is not a necessary party under Rule 19(a) subsection (1), above. As to the application of subsection (2), we decline to hold that Social Services has such an interest in the proceeding that it must be joined under Rule 19. Ark. Stat. Ann. §§ 56-201, *et seq.*, do not mandate that Social Services be joined in an adoption proceeding. In fact, even an investigation of the prospective adoptive home by Social Services is discretionary under § 56-212(c). Absent some statutory authority under §§ 56-201, *et seq.*, we think that joinder of the Division of Social Services is not mandatory under Rule 19. Had the Legislature intended a different result, it could have inserted the necessary provision.

Fourth, the appellants argue that the court below erred in not ordering the proper agencies to attempt to rehabilitate the appellants' home prior to awarding the adoption to the appellees. We can find no basis on which to uphold this argument. Our *adoption* code makes no provision whatsoever for rehabilitative services. The only rehabilitative provisions in our statutory scheme are contained in the Juvenile Code, Ark. Stat. Ann. §§ 45-401, *et seq.* Any claim of a right to receive rehabilitative services must be made in the juvenile court proceedings and not in the probate court on the petition for adoption. The proceedings in the juvenile court, not having been appealed, are now *res judicata* and the issues which were or could have been presented in that

proceeding are now settled and cannot be raised in the present appeal.

Finally, the appellants argue that our adoption statutes are unconstitutional in that 1) they deprive the grandparents of their rights to their grandchildren without a showing of a compelling state interest, and 2) they deprive grandparents of their grandparental rights without due process as guaranteed by the Fourteenth Amendment. We treat these two arguments together and we find no merit in either contention. The appellants' argument fails to identify a foundation or basis for the alleged rights which they claim have now been lost. Before we may apply the tests of constitutionality, there must be a showing of some right or interest which is protected by the Constitution. Here we find none. As we have pointed out previously, at common law grandparents have no presumptive right to custody or adoption of their grandchildren, nor even a right of visitation, absent an order of the chancery court. *See, Veazey* v. *Stewart*, 251 Ark. 334, 472 S.W. 2d 102 (1971), and *Quarles* v. *French, supra*. We are drawn to the conclusion that any rights existing in grandparents must be derived from statutes, as in Ark. Stat. Ann. § 57-135 (Supp. 1979), or conferred by a court of competent jurisdiction pursuant to statutes. *Parks* v. *Crowder*, 221 Ark. 340, 253 S.W. 2d 561 (1952), and *Quarles*, above.

What the appellants ask us to do through this line of argument is to recognize some form of inherent "grandparental rights" beyond those previously bestowed. This we decline to do, not out of disregard for the genuine relational ties which naturally exist between grandparents and grandchildren, but rather for the reason that the sanctity of the relationship between the parent and the child must be the overriding concern. To create new, enforceable rights in grandparents could lead to results that would burden rather than enhance the welfare of children. Certainly prospective adoptive parents would be less inclined to assume that worthwhile role. Of paramount importance in this case, as in all adoption and custody matters, is what is in the best interest of the child. *Quarles*, above. In the present case, the appellants have been allowed to intervene in the adoption proceeding to present whatever evidence may have been

relevant to the best interest of these children. Having had that opportunity, their rights have been preserved to them.

We find no error in the proceedings below and we affirm the decrees of the probate court.