Haskell BROWN et ux *v.* Doreen MEEKINS

82-159                                    643 S.W.2d 553

Supreme Court of Arkansas
Opinion delivered December 20, 1982

*Dan Stripling* of *Stripling & Morgan,* for appellants.

*Stephen E. James, P.A.,* for appellee.

FRANK HOLT, Justice. The issue in this case is whether grandparents, who have court ordered visitation rights, are entitled to notice of an action to adopt their minor grandson, Kenneth Ray Meekins. The Browns are the parents of the natural mother of Kenneth. Kenneth's mother died in July, 1978. The natural father married appellee Doreen Laverne Meekins in May, 1979. In 1980 a dispute arose concerning

visitation by the Browns with their grandson, resulting in the chancellor entering a decree fixing the visitation rights as authorized by Ark. Stat. Ann. § 57-135 (Supp. 1981).

The Browns, who live in California, where Kenneth's mother lived and died, were not given notice of the adoption proceedings. Their attorney learned of the proceedings when he was in the courthouse on the day of the adoption hearing. He made an appearance at the commencement of the hearing and orally[1] moved for a continuance and in the alternative, he asked for the right to intervene immediately. Both motions were denied "on the basis that under the statute no notice is required for this hearing as to the people suggested . . . . " The adoption was granted that day and the Browns appeal, asserting the probate judge erred in denying their motion to intervene. We agree.

In *Quarles* v. *French*, 272 Ark. 51, 611 S.W.2d 757 (1981), we held that grandparents who have been granted visitation rights pursuant to § 57-135 have an interest in adoption proceedings sufficient to entitle them to intervene for the limited purpose of offering such evidence as may be relevant to the issue of whether the proposed adoption is in the best interest of the child. There, however, the grandparents were given timely notice of the adoption proceedings, so we did not reach the issue of whether they were constitutionally entitled to notice. Since, here, the court's ruling was predicated on the assumption that notice is not required, this issue is squarely presented.

The logical implication of our decision in *Quarles* is that grandparents who have court ordered visitation rights, as here, are constitutionally entitled to receive notice of an adoption proceeding. Otherwise, the right to intervene in the adoption action is meaningless as the instant case illustrates. Here, the grandparents would not have known of the proceeding but for the happenstance of their attorney being in the courtroom on the day of the hearing and noticing the court's docket of cases for that day. Obviously, no time was available for preparing an adequate motion for

---

[1]A.R.C.P., Rule 7 (b) (1) and reporter's note 5.

intervention and preparation for the hearing. Furthermore, in *Quarles* we relied upon *Armstrong* v. *Manzo*, 380 U.S. 545, 85 S. Ct. 1187, 14 L.Ed.2d 62 (1965), where the right of the natural father to receive notice was recognized. We could not rely upon *Armstrong* for our holding in *Quarles* that grandparents who have been awarded visitation rights also have the right to intervene in adoption proceedings, without also recognizing the concomitant right that adequate and timely notice must be given to such grandparents. Any other result is inconsistent with due process which, at the very least, requires a reasonable opportunity to be heard. In *Armstrong* the Supreme Court reiterated its well-known and oft-repeated holding that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." This rule is applicable here by virtue of both the Fourteenth Amendment, Constitution of the United States, and Art. 2, § 8, Constitution of Arkansas (1874).

Reversed and remanded.

PURTLE, J., not participating.