Haskell BROWN and Odell BROWN, his wife
*v.* Doreen MEEKINS

83-289                                          666 S.W.2d 710

Supreme Court of Arkansas
Opinion delivered April 9, 1984

*Stripling & Morgan,* by: *Dan Stripling,* for appellants.

*Stephen E. James, P.A.,* for appellee.

GEORGE ROSE SMITH, Justice. In this adoption proceeding the probate court granted the petition of the appellee, Doreen Meekins, to adopt her ten-year-old stepson, Kenneth Ray Meekins, and also granted visitation privileges to the appellants, Haskell and Odell Brown, who are the child's maternal grandparents, their daughter (the child's mother) having died in 1978. The grandparents appeal, arguing that the court had no jurisdiction to enter the adoption decree. The stepmother cross-appeals, arguing that the court had no jurisdiction to grant visitation privileges. The case comes to us as a second appeal. Rule 29 (1) (j); *Brown* v. *Meekins,* 278 Ark. 67, 643 S.W.2d 553 (1982). We affirm the trial court's decree.

The appellee's petition to adopt her stepson, filed in March, 1982, was accompanied by the written consent of the petitioner's husband (the child's father) and by the written consent of the child. At the hearing in chambers, however, on July 8, 1983, the ten-year-old child testified that although he had said earlier that day that he agreed to the adoption, he had changed his mind and wanted to live with his grandparents. Counsel for the grandparents, without offer-

ing any testimony, moved for a "directed verdict," apparently meaning a judgment on the petitioner's proof. The court denied the motion, stating: "The Court holds that he has consented." The probate judge took the case under advisement and in the following month announced his decision in a memorandum that included these findings:

From the circumstances existing in this matter, the Court could easily see that this long drawn out legal hassle as between the maternal grandparents, parent, and stepparent, was a contributing factor, possibly, for the child's problems in school and discipline. . . .

There is a place in the life of every person for a grandparent, but by the same token this does not mean that the grandparents should not accept their role in the child's life. The Court is concerned that even though the respondents, grandparents, have been granted special visitation, more than the paternal grandparents, they persist in still being active in litigation as to causes this father has determined as being best for his child. . . .

It is time for this child to have a stabilized home life, and this child and the testimony convince me beyond a reasonable doubt that a proper condition exists with his father and stepmother. The Court recognizes the circumstances surrounding this consent of the minor, and the pressures this child was under. The Court dispenses with the consent of this ten year old and feels confident that it would be in his best interest and for this child's benefit that the petition for adoption be granted.

A few days later the trial judge signed the decree now before us.

On direct appeal the grandparents argue only that the trial court had no jurisdiction to approve the adoption, because the adoption statutes require the consent of the

minor, if more than ten years of age, "unless the Court in the best interest of the minor dispenses with the minor's consent," and also specify that the minor's consent be "in the presence of the court." Ark. Stat. Ann. §§ 56-206 (a) (5) and 56-208 (a) (1) (Supp. 1983). It is insisted that the consent of this ten-year-old boy was so essential that it had to be made at the hearing and could not be dispensed with by the court a month later.

We decline to construe the statute in such an unreasonable way. The consenting minor's age may vary from ten up to eighteen. Unquestionably the trial judge has the authority to attach more weight to the decision of a minor almost of full age than to that of a ten-year-old. Moreover, a trial court has control over its judgments for a period of ninety days. ARCP Rule 60 (b). We think that in this case the trial judge would have abused his discretion if he had not dispensed with the child's consent while the matter was still before the court for final aciton.

There remains the cross appeal. The chancery court in 1980 had, by agreement of the parties, granted these grandparents specified visitation rights, pursuant to a 1975 statute allowing such a court order in favor of the parents of the deceased parent of a child. Section 57-135 (Supp. 1983). Until 1983 the matter of visitation was not to be considered in an adoption proceeding, but Act 324 of 1983, effective July 3, 1983, provides that when, as here, a parent dies and a later husband or wife of the surviving parent adopts the child, the court granting the adoption may grant the grandparents (parents of the deceased parent) reasonable visitation rights. Section 56-215 (b) (Supp. 1983).

This matter was originally set for a hearing on June 9, 1983, but the judge continued the case until July 8 for the declared purpose of deferring it until the 1983 law went into effect. On cross appeal the appellee now argues that the court abused its discretion in granting the continuance and also that the 1983 act cannot be applied retroactively to a matter that was pending before the act took effect.

We hold that the trial court was right. The vital point is

whether the act can be applied retroactively, for if so the court could have deferred the matter by hearing it as scheduled on June 9 but taking the case under advisement just as he actually did. We see no objection to the new statute's being applied to this case. The grandparents already had visitation privileges under the chancery court decree, which was put in the present record before the first appeal. Those privileges certainly remained in force until the probate court specified the same visitation privileges in the adoption decree. It is reasonable to believe that the legislature did not intend for a gap to exist in the continuity of visitation privileges granted by the chancery court and those granted in adoption proceedings in the probate courts.

The parties have not specifically addressed or briefed the question of whether visitation rights granted under the 1983 act in an adoption proceeding are subject to modification to meet changed conditions, as is the rule in the chancery court. We are not deciding that issue, for it is not really before us, but we do think it appropriate to say that we agree with the trial judge's comments about these appellants' abuse of their visitation privileges and warn them of the possibility that those privileges may perhaps be curtailed or withdrawn if their future conduct justifies the conclusion that such modification of the order would be in the child's best interest.

Affirmed.