Carol HENRY, Michael Henry, and Regina Beeman *v.*
Darren BUCHANAN and Dawn Buchanan

05-533                                                    221 S.W.3d 346

Supreme Court of Arkansas
Opinion delivered January 5, 2006

*Jack & Holly Martin & Associates, P.A.*, by: *Ed Tarvin*, for appellants.

*Dana Dean Watson*, for appellees.

ROBERT L. BROWN, Justice. Appellants Carol Henry and Michael Henry appeal the circuit court's denial of their motion to vacate an order of adoption, which permitted appellee Dawn Buchanan's adoption of appellee Darren Buchanan's daughter, D.B. The Henrys are the biological, maternal grandparents of D.B. Their sole point on appeal is that the circuit court erred in denying their motion to vacate when they had preexisting visitation rights with the child authorized by circuit court order but were not given notice of the adoption proceedings. We disagree with the Henrys and affirm the denial order of the circuit court.

The record reflects that on November 3, 2002, the Henrys' daughter and the biological mother of D.B., Regina Kay Beeman, consented to the adoption of D.B. by Dawn Buchanan. On July 14, 2004, the circuit court entered the adoption decree permitting the adoption, and that same day, an amended decree of adoption was filed.

On August 13, 2004, Carol Henry and her daughter, Regina Beeman, filed a motion to vacate the order of adoption.[1] Carol Henry alleged that prior to the adoption, Darren Buchanan was served notice that the Henrys had filed a petition for contempt against him in the Benton County Circuit Court. She stated that the Henrys had visitation rights regarding D.B., which were granted under the order of the Benton County Circuit Court, and Darren Buchanan failed to bring those rights to the court's attention prior to the order of adoption. In addition, she asserted that he failed to provide them with notice of the hearing on the petition for adoption. She claimed that the adoption order adversely affected their court-ordered visitation rights, and, thus, the July 14, 2004 adoption decree should be vacated by the court and a hearing be held on the adoption issue with all parties having notice.

On December 21, 2004, a hearing was held on the motion to vacate. The circuit court entered its order on January 18, 2005, in which it concluded that "the maternal grandparents in this case were not entitled to receive notice of the adoption proceeding as A.C.A. § 9-9-212(g) does not apply to this situation."

---

[1] Regina Beeman's basis for vacating the order of adoption is not before us in this appeal.

In their appeal, the Henrys contend that under this court's case law and because they had preexisting court-ordered visitation rights, they should have been given notice of the pending adoption proceeding. Because they were granted neither notice nor an opportunity to be heard in the adoption proceeding, they maintain that the decree of adoption should have been vacated by the circuit court and that they should have been granted the right to intervene in the adoption proceedings.

Arkansas law provides that "[e]xcept as provided in §§ 9-9-212 and 9-9-224, notice of a hearing on a petition for adoption need not be given to a person whose consent is not required or to a person whose consent or relinquishment has been filed with the petition." Ark. Code Ann. § 9-9-207(b) (Supp. 2003). Thus, in order to receive notice of a hearing on a petition for adoption pursuant to statute, one's consent is required, or the person must fall within the two exceptions set out under §§ 9-9-212 or 9-9-224.

Arkansas law further provides that consent is only required in the following cases:

(a) Unless consent is not required under § 9-9-207, a petition to adopt a minor may be granted only if written consent to a particular adoption has been executed by:

(1) The mother of the minor;

(2) The father of the minor if the father was married to the mother at the time the minor was conceived or at any time thereafter, the minor is his child by adoption, he has custody of the minor at the time the petition is filed, he has a written order granting him legal custody of the minor at the time the petition for adoption is filed, or he has otherwise legitimated the minor according to the laws of the place in which the adoption proceeding is brought;

(3) Any person lawfully entitled to custody of the minor or empowered to consent;

(4) The court having jurisdiction to determine custody of the minor, if the legal guardian or custodian of the person of the minor is not empowered to consent to the adoption;

(5) The minor, if more than ten (10) years of age, unless the court in the best interest of the minor dispenses with the minor's consent; and

(6) The spouse of the minor to be adopted.

Ark. Code Ann. § 9-9-206(a) (Repl. 2002). It is obvious to this court that the Henrys do not fall within the categories of people for whom consent, and presumably notice, are required. As a result, the Henrys would only be entitled to notice of the adoption hearing if they fell within the two statutes referenced in § 9-9-207, which are §§ 9-9-212 and 9-9-224.

The only provision of § 9-9-212, which relates to grandparents, is subsection (f), which requires:

> (f) When one (1) parent of a child or children is deceased, and the parent-child relationship has not been eliminated at the time of death, and adoption proceedings are instituted subsequent to such decease, the parents of the deceased parent shall be notified under the procedures prescribed in this subchapter of such adoption proceedings, except when the parent-child relationship has been terminated pursuant to § 9-27-341.

Ark. Code Ann. § 9-9-212(f) (Supp. 2003). This provision, however, is inapplicable to the Henrys, as their daughter, the biological mother of D.B., was living at the time of the adoption proceedings. Nor is § 9-9-224 relevant as it does not apply to grandparents. We conclude that after reviewing the statutory scheme applicable to adoption proceedings that the Henrys, even though they are biological grandparents with visitation rights, were not entitled to notice of the hearing on D.B.'s adoption under Arkansas statutory law.

Nor does the case law cited by the Henrys entitle them to notice. Each of the cases they have cited, and others found by this court, in which notice was permitted to grandparents, involved grandparents who were parents of a deceased parent whose child was being adopted. *See, e.g., In Re: Adoption of Tompkins*, 341 Ark. 949, 20 S.W.3d 385 (2000) (holding that the appellants, paternal grandparents of the child who was the child of the appellee and the appellants' deceased son, had a right to notice under § 9-9-912(g), but not the right to present evidence on whether the adoption would be in the child's best interest); *Tate v. Bennett*, 341 Ark. 829, 20 S.W.3d 370 (2000) (holding that the due-process rights of the maternal grandmother, whose daughter had died, were not violated because there was no statutory right to grandparent visitation at the time the adoption decree was entered); *Brown v. Meekins*, 278 Ark. 67, 643 S.W.2d 553 (1982) (holding that grandparents of

deceased mother who had court-ordered visitation rights under Ark. Stat. Ann. § 57-135 (Supp. 1981) are constitutionally entitled to receive notice of an adoption proceeding); *Wilson v. Wallace,* 274 Ark. 48, 622 S.W.2d 164 (1981) (holding that the grandparents, whose son had been killed, were not entitled to continued visitation rights after adoption of child by stepfather as adoption decree terminated all legal relationships between the adopted individual and his relatives); *Quarles v. French,* 272 Ark. 51, 611 S.W.2d 757 (1981) (holding that the grandparents of the deceased father's children with visitation rights under Ark. Stat. Ann. § 57-135 had limited standing to intervene in proceedings for the adoption of their grandchildren, for the limited purpose of offering relevant evidence on whether the proposed adoption was in the children's best interest).

Other cases decided by this court which involved grandparents, but which make no specific mention of whether their child was deceased, provide no further guidance in deciding the Henrys' claim. *See, e.g., Cox v. Stayton,* 273 Ark. 298, 619 S.W.2d 617 (1981) (declining to find the adoption statutes unconstitutional on the basis that they deprive grandparents of their rights without due process). However, this court has permitted paternal grandparents, with whom children had lived at one time and thus stood *in loco parentis,* to maintain an action to annul an order of adoption where the petition alleged that the adoptive parents were mistreating the children. *See, e.g., Cotten v. Hamblin,* 234 Ark. 109, 350 S.W.2d 612 (1961). Finally, the Henrys' reliance on the Florida Supreme Court's decision of *In Re: Adoption of a Minor Child,* 593 So. 2d 185 (Fla. 1991), is misplaced, as that court's holding was premised on the Florida Constitution.[2]

What is more instructive on the matter before us is this court's opinion in *Vice v. Andrews,* 328 Ark. 573, 945 S.W.2d 914 (1997). In *Vice,* an adopted child's paternal grandmother sought visitation rights after her son consented to the child's adoption. This court observed that where a natural parent consented to the adoption of a child by another person, the consenting parent's relatives lose their legal right to visitation because such rights are derivative of the consenting parent's rights and likewise are terminated when the parents' rights are ended. We further observed in

---

[2] While the appellees make the additional argument that the Henrys' visitation rights were based on an unconstitutional statute due in part to this court's decision in *Linder v. Linder,* 348 Ark. 322, 72 S.W.3d 841 (2002), the *Linder* case is not dispositive of the issue before us.

*Vice* that because all legal relationships terminate once a child is adopted, a biological grandparent is no longer legally entitled to visitation privileges. This court then rejected the grandmother's claims that she was entitled to notice of the adoption and that she had acted *in loco parentis* by allowing the child to live in her home. We concluded that the grandmother had not provided authority for any claim that she was legally entitled to notice or deprived of any right to intervene in the adoption proceedings.

Additionally, in *Cox v. Stayton, supra,* we observed that at common law, grandparents have no presumptive right to custody or adoption of their grandchildren and no right of visitation, absent an order of the circuit court. We have further held that any rights existing in grandparents must be derived from statutes. *See In Re: Adoption of Tompkins, supra.*

Accordingly, a review of this court's case law reveals that there are essentially two circumstances where a grandparent is entitled to notice of adoption proceedings: (1) statutorily, where the grandparent is the parent of a deceased child whose child is to be adopted; and (2) where the grandparent, despite the status of his or her child, has stood *in loco parentis* to the grandchild at some point. In the instant case, the Henrys do not fall within either category. Hence, they were not entitled to notice of the adoption proceedings, and the circuit court did not err in denying their motion to vacate the adoption decree.

Affirmed.