CORNEY *v.* CORNEY.

Opinion delivered July 14, 1913.

1. APPEAL AND ERROR—MATTERS CONCLUDED BY FORMER JUDGMENT.—A. obtained a decree of divorce from his wife, B. B. obtained an order vacating the decree of divorce, and on appeal to the Supreme Court, the last decree was reversed, leaving the original decree in force. B. filed a complaint in the chancery court asking that the judgment of the Supreme Court be set aside on the ground of fraud. *Held,* matters relating to the original cause of action for divorce and B's. defense thereto, and also the grounds for vacating the decree of divorce were concluded by the former judgment of the Supreme Court and can not be reopened. (Page 416.)

2. JUDGMENTS—JUDGMENTS OBTAINED BY FRAUD—HOW PROVED.—In order to show that a judgment of the Supreme Court was obtained by fraud it is necessary to allege specifically what the fraud consisted of, and that it was material, so that it can be seen that the judgment of the court was or might have been affected by it. Fraud is never presumed, and must be specifically alleged and proved in order to entitle the complaining party to relief. (Page 417.)

3. JUDGMENTS—JUDGMENT OBTAINED BY FRAUD—RELIEF—PROPER FORUM. —In the absence of a statute giving a complete remedy at law, a court of equity is the appropriate forum for granting relief against fraud in the procurement of judgments. (Page 417.)

Appeal from Crawford Chancery Court; *J. V. Bourland,* Chancellor; affirmed.

*Appellant, pro se.*
*Robert L. Rogers,* for appellee.

McCULLOCH, C. J. Appellant, Mary F. Corney, was formerly the wife of appellee, R. B. Corney, and they resided in Crawford County, Arkansas, where appellee obtained a decree for divorce, which was rendered by the chancery court of that county on May 6, 1907, on the ground of adultery.

Subsequently appellant filed a complaint in that court to set aside the divorce decree, and on January 13, 1910, a decree was rendered vacating the former decree for divorce. Appellee, R. B. Corney, prosecuted an appeal to this court. The case came on for hearing, and the order of the chancery court vacating the divorce decree was reversed and the petition was dismissed, leav-

ing the original decree in force. 97 Ark. 117. The judgment of this court was rendered on December 19, 1910.

On December 23, 1912, appellant filed her complaint in the chancery court of Crawford County praying that the judgment of the Supreme Court be reviewed, reopened and set aside so as to leave the order annulling the divorce decree in full force and effect. The chancery court sustained a demurrer to the complaint and rendered a decree dismissing it, from which she has prosecuted an appeal to this court.

Most of the matter set forth in the complaint relates to the original cause of action for divorce and appellant's defense thereto, and also to the original grounds for vacating the divorce decree. Of course, these matters are concluded by the former judgment of this court.

The only grounds urged for setting aside the judgment of this court are found in the fifth paragraph of the complaint, wherein it is alleged that appellee did "cause to be prepared an answer and cross complaint to plaintiff's complaint redundant with new matter, and was read for the first time by this plaintiff after the cause had been submitted and passed upon by the Supreme Court, and did proceed to surreptitiously cause same to become a matter of record in the files of this court on or about the 17th day of November, 1910, and did secure from the clerk * * * a certified copy of this pretended answer, and the same dated and file marked April 30, 1909, and was made a part of the record in the Supreme Court on the 17th day of December, 1910."

This allegation is an attempt to set up fraud on the part of appellee in the procurement of the judgment of this court. But we are of the opinion that it falls short of presenting a question of fraud. The substance of the allegation is that appellee, while the cause was pending in this court, wrongfully and fraudulently procured the filing and antedating of a paper purporting to be his answer in the cause and filed it in this court as a part of the record. The complaint does not allege what the contents of this answer were so as to show that it contained

any material matter.    The allegation is that the answer and cross complaint was "redundant in new matter." An examination of this opinion of this court when the case was here on appeal shows that we disposed of it, not upon the pleadings, but upon the proof taken in the trial below. In order to show that the judgment of this court was obtained by fraud, it is necessary to allege specifically what the fraud consisted of, and that it was material, so that it can be seen that the judgment of the court was or might have been affected by it.    Fraud is never presumed, and must be specifically alleged and proved in order to entitle the complaining party to relief.

The judgment of this court should not be set aside merely because the answer was wrongfully put into the record, unless it be shown that it was material and had some bearing upon the decision of the case.

The allegations of the complaint are insufficient, therefore, to constitute a proper allegation of fraud in the procurement of the judgment, and the chancellor was correct in sustaining the demurrer.

Counsel for appellee insist that the demurrer was properly sustained on the additional ground that the chancery court had no jurisdiction to review and sets aside a judgment of this court.

We think that the suit in the chancery court was the appropriate remedy if fraud had been properly alleged. The statutes of this State provide that the court in which a judgment has been rendered shall have the power, after the expiration of the term, to vacate or modify such judgment on the ground, among other things, of "fraud practiced by the successful party in the obtaining of the judgment or order."    Kirby's Digest, § 4431, 4th subdivision.

This statute does not apply to judgments of this court, for the proceeding thereunder is the exercise of original jurisdiction, which this court does not possess. *Jacks* v. *Adair*, 33 Ark. 161.

In the absence of a statute giving a complete remedy at law, a court of equity is the appropriate forum for

granting relief against fraud in the procurement of judgments.

Affirmed.