CHRONISTER *v.* ROBERTSON.

4-7478                                   185 S. W. 2d 104

Opinion delivered January 15, 1945.

*Robert Bailey* and *Caudle & White,* for appellant.

*J. H. Brock* and *Oliver Moore,* for appellee.

GRIFFIN SMITH, Chief Justice. W. J. Chronister and those defending with him pleaded *laches* to the petition of Dora Robertson and others for leave to file their motion to modify a decree of May 8, 1939.[1]

---

[1] See *Robertson* v. *Chronister,* 199 Ark. 373, 134 S. W. 2d 517; *certiorari denied,* 309 U. S. 658, 60 S. Ct. 516, 84 L. Ed. 1007. See, also, *Robertson* v. *Chronister,* 196 Ark. 141, 116 S. W. 2d 1048; *certiorari denied,* 305 U. S. 597, 59 S. Ct. 90, 83 L. Ed. 378.

The petition alleges that at the beginning of litigation, and at all times since, plaintiffs were the owners of 32.5 acres, title to which was divested in whole as to some of them, and in part as to others, by a decree of May 8, 1939. The Chronisters conceded they had never owned this land, and that it was erroneously included in the decree.

In consequence of this admission relief was properly given. But the court went further and held that as to Roy Robertson and Florence Robertson Garrison[2] rents on eighty acres[3] were payable to these petitioners in proportion to their interests.[4] By this action (December 31, 1943) there was "further modification of the decree as amended."

Fair rental value was fixed at $5 per acre, inclusive of 1934, 1943, and intervening years, with interest on amounts due at each annual rental period. Taxes, prorata, were adjudged against Roy Robertson and Mrs. Garrison for 1933 and subsequent years, with interest allowances. All costs expended by these petitioners were taxed against the Chronisters. Judgment was for $670, from which is this appeal.

We agree with appellees in part. The right to prevail as to 32.5 acres was not cut off by previous adjudication. The Chronisters were charged with knowledge regarding contents of their pleadings; and while inclusion of that part of the northwest quarter of section twenty-five in former decrees was perhaps an error, claim was made for it; hence, there was constructive fraud.

Nor, in the circumstances here shown, was the Chancery Court without jurisdiction because former appeals

[2] These two petitioners were children of J. T. Robertson by Ella Edwards Robertson. Following her death, J. T. Robertson married Dora, one of the appellees here.

[3] Three tracts appear to have been involved—one with 20.08 acres, one with 44.66 acres, and one with 17.93—a total of 82.67.

[4] By a decree of Sept. 7, 1937, Florence Robertson Garrison and Roy Robertson were each given a one-thirtieth interest. The decree of May 8, 1939, was that this interest should have been one-tenth, and corrected the error. The 1937 decree found that Robertson and Mrs. Garrison were entitled to have the lands partitioned. To this end (the property not being susceptible of division in kind) sale was ordered. The 1939 decree mentions the interests as undivided.

had been affirmed. Only issues of record were passed upon.[5] An advantage obtained by fraud practiced in procuring a judgment or decree, unless barred by *laches,* is not closed to review, nor is it beyond the reach of injunction.

In the instant case it would be inaccurate to say that inaction by Roy Robertson and Mrs. Garrison postponed decision, or that appellants have been injured by any act of theirs.

Adjustment of rentals chargeable to the Chronisters by reason of their use of eighty acres is difficult. The claim was not made in appellees' pleading of September 25, 1943, wherein application was made for permission to pray for modification of "the decree herein." This was in the nature of a request for leave to file a bill of review. Date of the decree sought to be modified is not mentioned, but reference must have been to the *nunc pro tunc* order of June 12, 1939, wherein it was stated that the adjudication of May 8, 1939, did not appear of record, and "this decree is entered now for then." A few months later (May 27, 1940) Roy Robertson and Mrs. Garrison joined other petitioners in asserting ownership of the 32.5 acre tract, alleging that as to this land the Chancellor's findings were "outside the issues." The relief sought was ejectment. Similar pleadings were filed by others who are now appellees, but it was not expressly contended that rents were withheld.

Most of the references in pleadings by appellees were to the decree of 1937, as amended in 1939. As late as April 5, 1943, supplemental motions were filed in respect of the acreage erroneously included in the decree—and still there was no prayer for rents and profits unless it should be held that such was the effect of an application for equitable garnishment filed February 11, 1939. The purpose of this pleading was to prevent 1938 government rentals from being paid to the Chronisters.

Notwithstanding appellees' failure to assert, by appropriate pleadings, that they were entitled to an ac-

[5] *Jacks et al.* v. *Adair et al.,* 33 Ark. 161; *Corney* v. *Corney,* 108 Ark. 415, 159 S. W. 20.

counting, there was testimony showing what the annual income had been, beginning with 1933. It must be held, therefore, that the pleadings were treated as though amended to conform to the proof. It does not follow from this that the prevailing appellees can go behind the decree of 1939. They had an opportunity at that time—and it was their duty—to assert all the rights they had regarding the subject matter of litigation.

The rental judgment runs only in favor of Roy Robertson and Mrs. Garrison. By reference to *Robertson* v. *Chronister,* 196 Ark. 141, 116 S. W. 2d 1048, it will be seen that these parties joined Chronister Brothers in a suit against Dora Robertson and the heirs of J. T. Robertson in a partition suit affecting the lands now contended for. Although subsequently becoming adversaries of the Chronisters in certain respects, they continued endeavors to have the various interests severed. No doubt the shift from a position of relative friendliness to one of hostility respecting the Chronisters delayed final determination of rights. In any event, before permitting proof to be closed in the litigation resulting in the decree of 1939, demand should have been made for any payments then due; otherwise appellants will be conclusively presumed to have acquiesced in what their co-tenants (the Chronisters) had done, such as making improvements, paying taxes, etc.

It follows that the decree of December 31, 1943, in requiring an accounting for 1933, '4, '5, '6, '7, and '8 is erroneous. There is sufficient evidence showing fair rental value to have been $5 per acre, as fixed by the Court.

That part of the decree vesting title to the tract containing 32.5 acres is affirmed. That part rendering judgment for rentals prior to 1939 is reversed and the cause dismissed as to those claims; they were *res judicata.* That part of the decree giving judgment for 1939 rentals and subsequent years (against which may be credited taxes paid by the Chronisters during such period) is affirmed. Essential information is not shown by the abstract. This makes it necessary to remand the cause for

Chancery determination of the net amount due when computed on a basis not inconsistent with this opinion. Costs in the lower court, and on appeal, attaching from September 25, 1943, are taxed half against appellants, and half against appellees.