TUCKER *v*. LEONARD.

5-1445                                                     311 S. W. 2d 167

Opinion delivered February 3, 1958.

*Vol T. Lindsey,* for appellant.

*Chester P. Leonard* and *Little* and *Enfield,* for appellee.

SAM ROBINSON, Associate Justice. This is an appeal from an order of the chancery court sustaining a demurrer to the complaint. Appellants alleged in the complaint filed in chancery court that a fraud had been practiced upon the probate court in obtaining an order to

sell certain property. We do not reach the question of whether the allegation of fraud is well pleaded.

Courts of equity have jurisdiction to grant relief from judgments and orders fraudulently obtained in probate courts. *Levinson* v. *Treadway*, 190 Ark. 201, 78 S. W. 2d 59; *Manning* v. *Manning*, 206 Ark. 425, 175 S. W. 2d 982. But there must be no remedy at law. The court said, in *Corney* v. *Corney*, 108 Ark. 415, 159 S. W. 20, "In the absence of a statute giving a complete remedy at law, a court of equity is the appropriate forum for granting relief against fraud in the procurement of judgments." And in *West* v. *Waddill*, 33 Ark. 575, "But when fraud is shown, or such a state of facts or circumstances presented as shows an irreparable injury impending, *against which a probate court is powerless to grant relief*, the courts of equity may interpose." (Emphasis supplied) The Complaint does not allege there is no remedy at law.

Ark. Stat. § 62-1508, provides that an administrator's account when confirmed shall never thereafter be subject to investigation except on an allegation of fraud in the chancery court. Se *Beckett* v. *Whittington*, 92 Ark. 230, 122 S. W. 633. But the complaint in the case at bar does not allege a final account has been made or confirmed.

Ark. Stat. § 29-506, provides: "The court in which a judgment or final order has been rendered or made, shall have power, after the expiration of the term, to vacate or modify such judgment or order, * * * (Fourth) For fraud practiced by the successful party in the obtaining of the judgment or order." This provision of the statute applies to probate courts as well as other courts. *Bright* v. *Johnson*, 202 Ark. 751, 152 S. W. 2d 540. Hence, it appears that appellants have a complete remedy at law to correct the alleged fraud.

Appellants further contend that upon a finding that jurisdiction was not vested in the chancery court, the chancellor should have transferred the matter to the probate court, but the record does not show that the chancellor was requested to take such action.

Affirmed.