COTTEN *v.* HAMBLIN.

5-2327                                                    342 S. W. 2d 478

Opinion delivered February 6, 1961.

*J. B. Milham,* for appellant.

*John L. Hughes,* for appellee.

GEORGE ROSE SMITH, J. The appellant filed his com-plaint in the chancery court of Saline county, seeking to set aside an adoption decree that had been entered by the probate court of that county. When the case came on for trial the chancellor dismissed the complaint upon his own motion, holding that the plaintiff had failed to state a cause of action within the jurisdiction of the chancery court. In reviewing that ruling we test the sufficiency of the complaint as upon **demurrer.**

The plaintiff alleges that he is the paternal grand-father of two boys, aged 13 and 11, who have been cared

for almost all their lives by the plaintiff and his wife. On October 27, 1959, the Saline probate court entered a decree of adoption by which the two children were adopted by the defendants, Lyle Hamblin and his wife.

The complaint asserts that the adoption decree is void for some nine different reasons, the principal ones being that the children were not residents of the county, that the natural parents were not parties to the adoption proceeding and did not consent to it, that the Welfare Department did not recommend the adoption, and that since the entry of the decree the Hamblins have so mistreated the children that they have run away and returned to their grandfather's home. The prayer of the complaint is "that the adoption decree is void for the reasons herein alleged, that said decree should be vacated, set aside and forever held for naught; and that plaintiff be awarded custody of said minor children, and for all proper relief."

The chancellor correctly held that the complaint does not state an equitable cause of action. The case does not fall, as the appellant argues, within the general jurisdiction of the chancery court with respect to minors. Instead, all the allegations of fact are directed toward setting aside the adoption decree. Although the prayer asks that the custody of the children be changed, that request is evidently contingent upon the primary relief sought—that the adoption decree be vacated. Upon demurrer a pleading is to be tested by its allegations of fact rather than by its prayer for relief. *Hancock* v. *Simmons,* 223 Ark. 285, 265 S. W. 2d 537.

A petition to set aside a judgment should ordinarily be filed in the court where the judgment was rendered. In the case of adoption decrees this rule is embodied in the statute. Ark. Stats. 1947, § 56-110, see also *Gillen* v. *Edge,* 214 Ark. 776, 217 S. W. 2d 926. A chancery court has limited power to set aside the judgment of a law court, but it must be shown that there is no adequate remedy at law. *Fuller* v. *Townsly-Myrick Dry Goods Co.,*

58 Ark. 314, 24 S. W. 635; *Tucker* v. *Leonard,* 228 Ark. 641, 311 S. W. 2d 167. Here that fact is not shown.

As in the *Tucker* case, *supra,* there has been no request that this case be transferred to the probate court. We accordingly affirm the decree without prejudice to the appellant's right to apply to the probate court for such relief as he may be entitled to—a point upon which we express no opinion.

Affirmed.