SOUTHERN FARM BUREAU CAS. INS. CO. *v.* ROBINSON.

5-3264                                     379 S. W. 2d 8

Opinion delivered May 18, 1964.

*Cockrill, Laser, McGehee & Sharp,* for appellant.

*Murphy & Arnold,* for appellee.

JIM JOHNSON, Associate Justice. This appeal arises after entry of a nunc pro tunc order following an earlier appeal to this court. In 1958 appellee Bartis Robinson was injured in an automobile accident in Illinois, while riding as a passenger in a car driven by Forrest B. Booth, an Arkansas resident and an insured of appellant Southern Farm Bureau Casualty Insurance Company. After the accident, Booth returned to Arkansas. Appellee sued Booth in Illinois and obtained a default judgment against Booth for $20,000. Appellant insurer had appeared to defend Booth and then withdrew from the case prior to the defaulted judgment. The Illinois judgment was reduced to an Arkansas judgment on January 2, 1961. After an execution issued against Booth was returned unsatisfied, appellee filed suit directly against appellant under the authority of our "direct action statute," Ark. Stat. Ann. § 66-526, since repealed and re-

placed by Ark. Stat. Ann. § 66-4002 (Supp. 1963). Following a jury verdict, judgment was obtained by appellee against appellant. The jury failed or refused to award interest and the court thereafter granted appellee's motion for judgment notwithstanding the verdict to include interest. From the judgment, which totaled $9,637.55, appellant appealed to this court. See *Southern Farm Bureau Casualty Ins. Co.* v. *Robinson,* 236 Ark. 268, 365 S. W. 2d 454, for additional factual background in this involved litigation as well as the law of that case.[1] This court held, *inter alia,* that appellee was entitled as a matter of law to interest if he was entitled to a judgment, citing the mandatory tenor of Ark. Stat. Ann. § 29-124 (Repl. 1962).

This court's mandate was filed in Independence Circuit Court on April 9, 1963, and thereafter appellant tendered to appellee the sum of $9,637.55 with six percent interest on *that* sum from October 26, 1961. Appellee refused this tender, insisting that he is entitled to the $9,637.55 plus interest computed on the entire $20,000 original judgment. Appellee filed a motion for order nunc pro tunc, alleging that there was an ambiguity or a scrivener's error in the judgment affirmed by this court. At hearing on the motion on September 25, 1963, the trial court found and held:

"On or about 1/29/62 this court advised counsel by letter that the motion for judgment notwithstanding the verdict was being granted. This ruling announced by letter, was intended to mean just exactly what it said, 'that the motion was granted.' There was no limitation in the ruling, and the court has the very distinct recollection that it was the court's intention at that time that the interest be computed until paid on the amount of the Illinois judgment, which was $20,000.00. It was not until the filing of this motion for order and judgment nunc pro tunc on interest that the court became aware that counsel for the plaintiff had committed a scrivener's

---

[1] See also 76 A.L.R. 2d 983 and 1964 Supp. Service, Liability insurer's liability for interest and costs on excess of judgment over policy limit, §§ 3, 4.

error in the precedent submitted to the court, and by doing so did not prepare a judgment which spoke the truth.

"Wherefore, the court orders that the judgment of 1/29/62 be corrected to speak the truth nunc pro tunc.

"Wherefore, it is considered, ordered and adjudged that interest be computed on $20,000.00 at the rate of 6% per annum from October 26, 1961, until date of tender of the correct amount of the judgment and interest, in addition to the other sums for which judgment was entered by the court on January 27, 1962, and that execution or other appropriate process may be issued therefor, and this judgment having been made on the 27th day of January, 1962, and it inadvertently omitted from the records, it is entered nunc pro tunc." From this order, appellant has prosecuted this appeal urging that the trial court erred in granting appellee's motion for order and judgment nunc pro tunc on interest.

There can be little doubt about the power of a trial court to entertain and grant an order nunc pro tunc, *Fitzjarrald* v. *Fitzjarrald*, 233 Ark. 328, 344 S. W. 2d 584, even during or after appeal, *Davie, Executrix* v. *Smoot*, 202 Ark. 294, 150 S. W. 2d 50; *Chronister* v. *Robertson*, 208 Ark. 11, 185 S. W. 2d 104. As stated in *Wright* v. *Ford*, 216 Ark. 55, 224 S. W. 2d 50:

"The common law rule that no judgment can be amended after the term at which it is rendered has been modified so that where the entry through some plain error fails to correspond with the judgment that was actually rendered, the court can at a later term correct the judgment, but there is no authority to revise a judgment, or to correct a judicial mistake, or to adjudicate a matter which might have been considered at the time of trial, or to grant an additional relief which was not in the contemplation of the court at the time the judgment was rendered."

A careful review of the record of this and the earlier appeal as well as our prior opinion fails to impeach the

credibility of the distinguished trial judge's statement in the nunc pro tunc order that "it was the court's intention at that time that the interest be computed until paid on the amount of the Illinois judgment, which was $20,000.00." Such interest was prayed for in the complaint and in the motion for judgment n. o. v. and was mentioned again in the alternative motion for new trial. The trial court granted this prayer without reservation. The attorney who prepared the precedent clearly made a scrivener's error. The state of the record being thus, the trial court properly granted the motion for an order nunc pro tunc to cause the judgment to speak the truth. *United Drug Co.* v. *Bedell,* 164 Ark. 527, 262 S. W. 316.

It follows, ergo, that appellant's tender of less than the total amount due failed to toll the running of interest. Appellant's "mistake in tendering an amount less than the sum due is the misfortune of the tenderer, the tender having no legal significance if refused, and the position of the parties remains the same as though no tender had been made." 86 C.J.S., Tender, § 7, p. 562; 52 Am. Jur., Tender, § 39, p. 243; *River Valley Cartage Co.* v. *Hawkins-Security Ins. Co.,* 17 Ill. 2d 242, 161 N. E. 2d 101, 76 A.L.R. 2d 978.

Affirmed.