James Burt TAGGART *v.* W. H. MOORE and Polly MOORE

CA 82-347                                          650 S.W.2d 590

Court of Appeals of Arkansas
Opinion delivered May 4, 1983
[Supplemental Opinion on Denial of Rehearing
delivered June 8, 1983.]

*Hardin, Grace, Downing, Napper, Allen & East,* for appellant.

*Friday, Eldredge & Clark,* by: *George Pike, Jr.;* and *Hoofman & Bingham, P.A.,* by: *Clifton Hoofman,* for appellees.

GEORGE K. CRACRAFT, Judge. James Burt Taggart appeals from an order of the Circuit Court of Pulaski County dismissing his complaint for relief against the enforcement of a judgment rendered against him on which execution had issued. We conclude that the trial court was correct in its order.

Only by a recitation of the pleadings leading up to that order can we bring the pivotal question into focus. Taggart first filed his complaint in the Chancery Court of Pulaski

County seeking an order restraining the Moores from enforcing their $32,000 judgment against him. This complaint was filed more than ninety days after the judgment was entered. It alleged that the judgment was obtained in an action on a contract brought by third parties against both Taggart and the Moores in which the Moores had cross-complained against Taggart; that during the preparation of the case the Moores sought and obtained the cooperation of Taggart in defense of their action; and that, in relying on certain assurances given him by the Moores, Taggart was induced to refrain from adequately presenting his defenses to the cross-complaint. He alleged that the action of the Moores amounted to extrinsic fraud in the procurement of the judgment and prayed for an order temporarily restraining the enforcement of the decree and that after a hearing the injunction be made permanent. There was no prayer that the judgment be vacated or modified. It sought only relief against the person of the Moores.

The Moores denied all allegations of the complaint and moved to transfer the cause to the law court in which the judgment had been rendered. The chancellor neither heard evidence nor took action on the merits of the case. He determined that the prayer for relief "should be presented to the court in which the judgment had been rendered" and ordered the case transferred to the circuit court.

After the cause was transferred and docketed in the circuit court, the Moores filed a motion to dismiss the complaint on grounds that the allegations were insufficient to allege extrinsic fraud as defined in our cases under former Ark. Stat. Ann. § 29-506 (Repl. 1962) and Rule 60, Arkansas Rules of Civil Procedure which has superseded it. The circuit court did not rule on the issue of whether the allegations constituted extrinsic fraud but denied Taggart's petition to stay execution on the judgment *pendente lite* and dismissed the complaint on grounds that the court lacked authority to grant the relief prayed for and refused to transfer the case back to equity. We find no error.

In the development of the English common law, courts of equity obtained the power to restrain the enforcement of

judgments at law which were procured by fraudulent and inequitable conduct. This power arose at a time when law courts had little or no authority over their final judgments or power to stay enforcement of unjust ones. This equitable power was limited to those cases where judgments were entered by extrinsic fraud, mistake or accident and where the defendant had a valid legal defense on the merits but was prevented from maintaining it by such fraud. It was based on equity's general jurisdiction over all inequitable and fraudulent conduct and its inherent power to grant relief where there is no adequate remedy at law.

Our courts recognize that this power exists, but have greatly limited it by declaring that it can only be exercised where the remedy at law is inadequate. *Cotten* v. *Hamblin*, 233 Ark. 65, 342 S.W.2d 478 (1961); *Tucker* v. *Leonard*, 228 Ark. 641, 311 S.W.2d 167 (1958); *Dale* v. *W. H. Bland & Co.*, 93 Ark. 266, 124 S.W.2d 1026 (1910). Early in our history the legislature conferred upon our law courts the power, after the term had lapsed, to vacate or modify their judgments and orders obtained by extrinsic fraud upon a proper showing of a meritorious defense to the action. Ark. Stat. Ann. §§ 29-506 and 29-509 (Repl. 1962). Law courts may also enjoin the enforcement of such judgments *pendente lite*. Ark. Stat. Ann. § 29-511 (Repl. 1962). The courts held that as those statutes provide a full, complete and adequate remedy at law, the remedy to vacate or modify a judgment for fraud or mistake is properly instituted for that purpose in the court in which it was rendered. *Dale* v. *W. H. Bland & Co., supra, Tucker* v. *Leonard, supra*.

Although those statutes have been superseded by Rule 60, Arkansas Rules of Civil Procedure, the remedies and relief granted by them remain in the same form. Rule 60 (c) (4), Rule 60 (d), Rule 60 (j), Arkansas Rules of Civil Procedure. We find no error in the chancellor's ruling that Taggart had an adequate remedy at law and the proper place to pursue it was the court in which the judgment was rendered.

The mere fact that there is an adequate remedy at law, however, does not require the law court to grant it. It is only

when the pleadings presented to the law court state facts on which it is authorized to act and seek a remedy which it can grant that this would follow. Here the appellant's pleading prayed only that the circuit court exercise its jurisdiction over the person of a judgment creditor by enjoining him from enforcing the circuit court judgment. The only relief authorized under present Rule 60 is the *vacation* or *modification* of the judgment or order. While the law court under Rule 60 (j) may personally enjoin the enforcement of the judgment *pendente lite,* a prerequisite to that relief is a "showing that he is entitled to have such judgment, order or decree vacated or modified . . . ."

After the transfer to law from chancery there was no amendment of the complaint seeking either modification or vacation of the order or setting out facts to show a meritorious defense. It remained only a prayer for relief against the person of the creditor. We agree with the trial court that absent a prayer for modification or vacation of the judgment, it has no power to grant the relief prayed for and that it could exercise only that power over its own judgment which was specifically authorized by rule or statute.

The appellant argues that he is entitled to be heard in some court and has been denied that right by both. We agree that he is entitled to be heard and conclude that the proper forum is the court within which the judgment was entered, but only upon pleadings and a prayer for relief which that court is authorized to grant pursuant to Rule 60 (c) (4), Rule 60 (d), Rule 60 (j) and Rule 62 (b), Arkansas Rules of Civil Procedure. Whether the acts complained of constituted extrinsic fraud on the court in the procurement of the judgment was not ruled on in the trial court or argued here and is not before this court for decision.

The judgment of the circuit court is affirmed.

Supplemental Opinion on Denial of Petition
for Rehearing delivered June 8, 1983

GEORGE K. CRACRAFT, Judge. The appellant's petition for rehearing contends that in our opinion handed down May 4, 1983 we misapplied the law. We conclude that we did not.

In his petition for rehearing appellant correctly stated that in our courts the sufficiency of a complaint should be determined by the facts pled and not entirely by its prayer for relief. We did not intend to hold otherwise in our opinion. We intended to declare and apply that rule.

When this case was presented to us appellant's primary argument was that the chancery court erred in transferring the case to the circuit court and that the error committed by the circuit court was in dismissing it rather than transferring it back to equity. We concluded on the cases cited in our opinion that the chancellor was correct in transferring the cause to the circuit court and the circuit court was correct in dismissing the complaint in the following language:

> That there is an adequate remedy at law, however, does not require the law courts to grant it. It is only when the pleadings presented to the law court state facts on which it is authorized to act and seeks a remedy which it can grant that this would follow.

Any overemphasis was regard to the prayer for relief was inadvertent and should be clarified.

The appellant's complaint as amended merely averred that in reliance upon assurances given him by the appellees he was induced not to raise certain defenses available to him. He did not allege any facts on which he intended to base those defenses or aver that the defenses were meritorious. Rule 60 (d), referred to in our opinion in two places, makes the averment of a meritorious defense a jurisdictional fact in the following language:

> (d) VALID DEFENSE TO BE SHOWN. No judgment against a defendant, unless it was rendered before the action stood for trial, shall be set aside under this rule unless the defendant *in his motion* asserts a valid defense to the action and upon hearing makes a prima facie showing of such defense. (Emphasis added)

We noted that after the transfer of this case from the chancery court "there was no amendment of the complaint seeking either modification or vacation of the order or *showing a meritorious defense.*"

The petition for rehearing is denied.