Ray PRYOR and Stephanie Pryor *v.* George RAPER
and Mildred Raper

CA 93-136 877 S.W.2d 952

Court of Appeals of Arkansas
Division I
Opinion delivered June 15, 1994
[Rehearing denied August 17, 1994.]

*Rose Law Firm, A Professional Association*, by *Richard T. Donovan*, for appellants.

*Webb & Doerpinghaus*, by: *Doyle L. Webb II*, for appellees.

MELVIN MAYFIELD, Judge. The appellant's brief states that the history of this case has as many "twists and turns as an Ozark mountain highway." The judgment appealed from names the defendants as Raymond and Vester Pryor and Ray and Stephanie Pryor. However, the notice of appeal names only Ray and Stephanie as appellants; therefore, we regard Ray and Stephanie as the appellants and will refer to them as "the Pryors." They appeal from a judgment of the Hot Spring County Chancery Court which restrained them from interfering with appellees' (the Rapers) use of certain property and which established the "correct legal description" of that property.

This case started in Saline County Circuit Court as an action for ejectment. In a judgment entered on September 3, 1986, Circuit Judge John Cole found that the Rapers had obtained by adverse possession a strip of land south of the Hot Spring/Saline County line, that included their driveway and a portion of their garden plot. The judgment stated that "The section line separating the properties of these parties and by stipulation, establishing the county line between Saline and Hot Spring Counties, is as indicated by the survey of Larry Harper." However, the judgment stated that the exact dimensions of this strip of land were to be determined later, and on February 7, 1987, an order describing the property was entered. Thereafter, on March 12, 1987, a supplemental order correcting a "clerical mistake" in the description was also entered. We now know that both of these descriptions were in fact erroneous because they described land north, rather than south, of the section and county line.

In an unpublished opinion handed down November 25, 1987, this court affirmed the judgment of the Saline County Circuit

Court. Our decision held that the trial court's finding that the Rapers had obtained title to the disputed strip by adverse possession was not clearly against a preponderance of the evidence. The exact description of the land involved was not an issue on appeal, but we noted that while the strip of land subject to adverse possession lay in Hot Spring County, it was a piece of the Rapers' property — most of which lay in Saline County. Therefore, we held that under Ark. Code Ann. § 16-60-101 (1987) the suit could be brought in either county. *See also Adkisson* v. *Starr*, 221 Ark. 331, 260 S.W.2d 956 (1953).

After our decision in November of 1987, the Pryors (in March of 1989) filed a petition to quiet title in Hot Spring County Chancery Court. On September 20, 1989, that court dismissed the petition holding "proper jurisdiction is in the Circuit Court which previously had jurisdiction in the matter."

The Pryors then returned to Saline County Circuit Court and filed a "Motion to Correct or Amend Judgment." They alleged that a clerical error existed in the description of the property awarded the Rapers and asked the circuit court to "take whatever steps it deems appropriate to ascertain the actual metes and bounds description of the 'driveway and portion of garden plot'" awarded to the Rapers in the court's previous orders. On January 22, 1990, that court held it was without jurisdiction to redetermine or restructure its previous orders.

On March 26, 1990, the Rapers filed the present action (Petition to Correct Legal Description, Petition for Injunction and Petition for Damages) in Hot Spring County Chancery Court. Count I of the Rapers' petition alleged that an error existed in the description of the property awarded them in the adverse possession suit in Saline Circuit Court and sought "the equitable powers of Chancery Court to correct the misdescription in the property in order to provide the Plaintiffs with a correct description to their property as originally provided for in the judgment of the Circuit Court." Count II of the petition alleged the Pryors had "caused numerous bolders [sic] and rocks to be dumped" on the property awarded the Rapers and that the Rapers were unable to use their driveway due to the rocks and boulders and "due to the Defendants having caused a deep trench to be dug in the driveway by a backhoe." The Rapers asked for a permanent restrain-

ing order to prohibit the Pryors from interfering with or damaging the Rapers' property.

On April 12, 1990, the Pryors filed a motion to dismiss, and it was denied by the chancellor. The Pryors then filed a petition for writ of prohibition in the Arkansas Supreme Court, and that petition was denied by an opinion dated November 19, 1990. *See Pryor v. Hot Spring Chancery Court*, 303 Ark. 630, 799 S.W.2d 524 (1990).

On May 19, 1992, a hearing on the present action was held in Hot Spring County Chancery Court. At the hearing Judge Cole testified that he recalled the decision in the original case in the Saline Circuit Court, at which he presided, and that the Rapers acquired by adverse possession that property which constituted the driveway to their home and most of the garden plot which they had been using for years. He said this property was south of the Hot Spring/Saline County line; that it was determined by a surveyor to be a rectangular shaped strip of property 450 feet on the north and south sides, and 23 feet on the east and west ends; that it was bordered on the north by the county line; and that the 450 feet began running at the east right-of-way line of U.S. Highway 67.

Appellee George Raper testified that appellant Raymond Pryor had placed rocks on the strip of land awarded to the Rapers by the circuit court and that this prevented Raper from driving his car on the strip of land and using it as a driveway. Mrs. Raper testified that she walks up the driveway several times a day and that Mr. Raper is not able to walk through the area because he walks with a cane and there are "ditches through there." She testified further she must carry groceries and laundry in a wheelbarrow from the highway.

On appeal, the Pryors argue that the trial court did not have jurisdiction to correct the judgment of the Saline County Circuit Court and that the doctrine of *res judicata* prevented the correction.

First, we note that both parties agree that the description in the judgment of the Saline Circuit Court is incorrect. Judge Cole testified that he held in that case that the Rapers had acquired title by adverse possession to a strip of land south of the county line.

His judgment entered on September 3, 1986, held that the section line separating the properties of the parties was the same as the county line separating the two counties, but both of the two subsequent orders that the judge signed in an attempt to fix and correct the description of the land acquired by the Rapers by adverse possession placed the land *north* instead of *south* of the section and county line.

Second, we note that both parties have attempted to get a judicial correction of the description of the property awarded to the Rapers by adverse possession. Indeed, a trial brief filed by the Pryors in the trial court in the case now on appeal points out that after the Saline Circuit Court had entered its last order attempting to correct the description of the land awarded to the Rapers by adverse possession, the Pryors "initiated their own cause of action" in the Chancery Court of Hot Spring County in an attempt "to remove the cloud from the title of the lands in question effected by the error in the legal description supplied by [the Rapers] to the original trial court." The trial brief then points out that "Judge Shirron, as the presiding judge of the Chancery Court of Hot Spring County dismissed the cause of action as being a matter of *res judicata.*" Introduced into evidence in the case now on appeal (as defendant's exhibit 3) is a copy of Judge Shirron's order, and it states that the suit filed by the Pryors is dismissed because "proper jurisdiction is in the Circuit Court which previously had jurisdiction of this matter." Moreover, the trial brief filed by the Pryors in the case now on appeal points out that the Rapers have also — prior to the present case — "attempted to correct the erroneous description." The brief refers to the "Motion to Correct or Amend Judgment" filed by the Pryors in the Saline County Circuit Court which was dismissed by that court by an order ("exhibit 4" in the transcript) entered on January 22, 1990. The order finds "both parties agree that the previous orders of this Court contain an error" but the court "is without jurisdiction to redetermine or restructure the previous orders entered herein without agreement of both parties."

 Under the circumstances existing in this case, we think the Hot Spring Chancery Court was correct in correcting the legal description of the property awarded the Rapers by adverse possession and restraining the Pryors from interfering with the Rapers' use of that property. Rule 60(k) of the Arkansas

Rules of Civil Procedure contains a provision which abolishes certain writs previously used to obtain relief from a judgment or decree and states that the procedure "for obtaining any relief from a judgment or decree shall be by motion as prescribed in these rules *or by independent action.*" (Emphasis added.) The Reporter's Notes to Rule 60(k) contains this statement:

> 5. Subsection (k) follows Section (b) of FRCP 60 by permitting a court to entertain an independent action to relieve a party from a judgment. *Bankers Mortgage Co.* v. *United States*, 423 F.2d 73 (C.C.A. 5th, 1970), cert. den., 90 S.Ct. 2242. Arkansas has previously recognized the power of an equity court to review a judgment from a court of law, although such power is severely limited. *Cotton* v. *Hamblin*, 233 Ark. 65, 342 S.W.2d 478 (1961).

The case of *Cotton* v. *Hamblin, supra,* states that "a chancery court has limited power to set aside the judgment of a law court, but it must be shown that there is no adequate remedy at law." This subject was discussed by the Arkansas Court of Appeals in *Taggart* v. *Moore*, 8 Ark. App. 160, 650 S.W.2d 590 (1983), where we said:

> In the development of the English common law, courts of equity obtained the power to restrain the enforcement of judgments at law which were procured by fraudulent and inequitable conduct. This power arose at a time when law courts had little or no authority over their final judgments or power to stay enforcement of unjust ones. This equitable power was limited to those cases where judgments were entered by extrinsic fraud, mistake or accident and where the defendant had a valid legal defense on the merits but was prevented from maintaining it by such fraud. It was based on equity's general jurisdiction over all inequitable and fraudulent conduct and its inherent power to grant relief where there is no adequate remedy at law.

8 Ark. App. at 163, 650 S.W.2d at 592.

The appellants (Pryors) argue that under the *Taggart* decision the Hot Spring Chancery Court was wrong in the present case to correct the property description contained in the judgment of the Saline Circuit Court. This is true, according to the

appellants' brief, because *Taggart* "tells us unequivocally that no such jurisdiction exists." Appellants' argument is based on the fact that *Taggart* held that equity will not vacate or modify a law court judgment where "there is an adequate remedy at law." Although that is clearly what *Taggart* held, the appellants do not explain how there was an adequate remedy at law at the time the Hot Spring Chancery Court corrected the property description in the present case. It must be remembered — as we have noted — that both parties in this case admit that the description in the circuit court judgment is incorrect. Even the circuit judge affirmed this fact in his testimony in this case. It must also be remembered that the *appellants* filed a motion in the Saline Circuit Court to correct the description in that court's judgment and that court held it was without jurisdiction to redetermine or restructure its prior judgment. Thus, it seems obvious that there was no adequate remedy at law to correct the circuit court judgment at the time the Hot Spring Chancery Court granted the petition filed by the appellees (Rapers) in which they asked that court to exercise its "equitable powers . . . to correct the misdescription in the property" and to issue a permanent restraining order to prohibit the appellants from interfering with the appellees' use of their property. We, of course, recognize that the chancery court agreed with the appellees' contention as to what description was correct — and not with the appellants' contention in that regard — but the appellants do not question the correctness of the chancery court's description, only its power to make that correction.

Under the circumstances in this case, we think it is clear that the chancery court had the power and the right to correct the circuit court's property description in this case. Certainly it had the power and right to issue an injunction, and that issue was decided by the Arkansas Supreme Court in the opinion denying the writ of prohibition in this case. *Pryor* v. *Hot Spring Chancery Court, supra.* Also, our supreme court has held that "the remedial processes of equity are quite flexible, and where there is a manifest right clearly recognized, in equity jurisprudence they cast about for some fit mode of enforcing it, if no exact precedent may be found applicable to the case." *Riddick* v. *Streett,* 313 Ark. 706, 711, 858 S.W.2d 62, 64 (1993). Moreover, as our supreme court said in *Cotton* v. *Hamblin, supra,* and as the court of appeals said in *Taggart, supra,* Arkansas has recog-

nized the equitable power to set aside or modify a law court judgment (when there is no adequate remedy at law) where the judgment resulted from extrinsic fraud, mistake, or accident. Our Rule of Civil Procedure 60(k) does not eliminate this authority. Such authority is allowed by the Federal Rules of Civil Procedure, *see* discussion in 11 Wright and Miller, *Federal Practice and Procedure, Civil* § 2868 (1973), and, at least, in some state courts, *see* discussion in *Nevada Industrial Development, Inc.* v. *Benedetti*, 741 P.2d 802 (Nev. 1987).

Our view of this case, as explained above, makes it unnecessary to discuss other points raised by each side. For example, we do not have to decide whether the error in the circuit court's judgment was a clerical error. The appellees cite *Luckes* v. *Luckes*, 262 Ark. 770, 561 S.W.2d 300 (1978), and say the error here did not arise from the exercise of the court's judicial discretion and was therefore a clerical error. The appellants do not agree. Furthermore, they argue that the error was the result of appellees' counsel "not knowing the exact dimensions of the strip of land." Appellants say, "that is a proof problem, not a typographical error." There is, however, no evidence abstracted by appellants to show that the incorrectness of the property description resulted from appellees' negligence or inattention any more than from that of the appellants. The chancery court's decree simply states that the circuit court judgment "contained a clerical error in the description of the property." Even if that description was not a clerical error, we review chancery cases de novo and affirm if we find the result reached by the chancellor was correct for any reason. *American Investors Life Insurance Co.* v. *TCB Transportation*, 312 Ark. 343, 345, 849 S.W.2d 509, 511 (1993); *Moore* v. *City of Blytheville*, 1 Ark. App. 35, 39, 612 S.W.2d 327, 331 (1981). We find that the chancellor's decision in this case was correct.

Affirmed.

ROBBINS and COOPER, JJ., agree.