Wesley ROBERTS and Environmental Supply, Inc. *v.* David FELTMAN and D & W Textiles

CA 95-1267                                                      932 S.W.2d 781

Court of Appeals of Arkansas
Division I
Opinion delivered November 6, 1996
[Petition for rehearing denied December 11, 1996.]

*Easley, Hicky, Cline, and Hudson,* for appellants.

*Sharpe, Beavers, & McGill,* for appellees.

OLLY NEAL, Judge. Appellants, Environmental Supply, Inc. (ESI), and Wesley Roberts, a former business partner of appellee David Feltman, appeal a Judgment and Order For Satisfaction of Judgment entered against them in the St. Francis Chancery Court on August 10, 1995. We find no error in the chancellor's ruling and therefore affirm.

The original judgment that is the subject of this litigation resulted from a foreclosure lawsuit filed by the Arkansas Industrial Development Commission (AIDC) on July 10, 1992, against Planters National Bank, appellant Wesley Roberts, appellee Feltman, and Roberts's and Feltman's joint enterprise, D&W Textiles (D & W).

The AIDC sought by its complaint to foreclose the $128,000 outstanding balance plus 5% interest remaining on an original $170,000 promissory note and mortgage executed by Feltman and Roberts and filed with the St. Francis County Circuit Clerk in January 1987. The AIDC requested that any judgment in its favor be declared a first and exclusive lien against certain real property located in St. Francis County upon which Feltman and Roberts had executed a mortgage in favor of the AIDC concurrently with the promissory note, and that a Commissioner be appointed to conduct a sale of the subject property. The complaint asserted that any interest claimed by Planters National Bank based on Deeds of Trust filed in the St. Francis County Circuit Court was subordinate to the AIDC's mortgage on the subject property.

After receiving notice and filing his separate answer to the AIDC's complaint, appellee Feltman filed a cross-complaint against Roberts, alleging that Roberts had received all the proceeds from the AIDC loan and converted them to his personal use, to the exclusion of Feltman and D&W. The chancellor ruled in favor of the AIDC on its complaint and in favor of Feltman on his cross-complaint by decree entered April 29, 1994. The chancellor also ordered that the subject property be sold at public auction in the event that Planters National Bank, Feltman, Roberts, and D&W failed to discharge the judgment entered against them within ten days from the date of judgment.

On July 28, 1994, after defendants below failed to pay the judgment within the decreed time and proper notification was given, the real estate in question was sold at a Commissioner's sale for the sum of $50,000, reducing the balance of the judgment by an equal amount. On January 11, 1994, in consideration of the sum of $40,000 posted by appellant Wesley Roberts, the AIDC assigned all its rights in the April 29, 1994, judgment to Roberts.

After learning of the AIDC assignment to Roberts, appellee Feltman filed in the chancery court a Petition for Satisfaction of Judgment, naming Roberts and AIDC as necessary parties. Feltman alleged in his March 13, 1995, petition (which he amended March 16, 1995, and April 13, 1995) that he was entitled to reimbursement from Roberts for $66 that had been taken from his bank account pursuant to an order of garnishment that had been issued in favor of AIDC. Feltman also claimed that the AIDC assignment resulted in the merger of AIDC's and Roberts's interests in the

judgment and prayed that any judgment against Feltman and D&W be declared extinguished by virtue of the judgment Feltman held against Roberts. The court scheduled a hearing for March 30, 1995, on Feltman's petition and subsequently, after learning during the course of the hearing that Roberts had executed an assignment of the judgment in favor of Environmental Supply, Inc., a Tennessee corporation, ordered the proceedings suspended pending notification of ESI. Both assignments were filed and recorded May 31, 1995. At the reconvened hearing on May 18, 1995, all parties appeared by counsel, and the chancellor entered a Judgment and Order for Satisfaction of Judgment in Feltman's favor by which it awarded Mr. Feltman his attorney fees and a $66 judgment against Roberts, and nullified the April 29, 1994, judgment against Feltman and D&W.

On appeal, appellant argues first that the chancellor erred in ordering the judgment ESI held satisfied, "even though the judgment had not been paid." The gravamen of that argument is that set-off of the judgments was an inappropriate remedy because ESI, who held the judgment at the time the final decree was entered, owed no obligation to appellee Feltman. In deciding appeals from the chancery courts, we review the evidence *de novo*, only reversing where the chancellor's findings of fact are clearly erroneous. *Clark v. Bank of Bentonville*, 308 Ark. 241, 824 S.W.2d 358 (1992).

Here, the chancellor found that the competing or adverse judgments held by Roberts and Feltman were for the same amount and therefore, offset each other. The court's finding that the Roberts–ESI assignment was ineffective was precatory to that ruling. The chancellor articulated that his ruling did not address the relative rights of Roberts and ESI *vis a vis* each other, specifically finding that "the validity of the assignment as it affects Mr. Roberts and ESI is not before the court." The court also found that the assignment was "an attempt to establish a distance between the judgment and Mr. Roberts so that Mr. Feltman would be forced to honor and pay the judgment." That finding was supported by Roberts's admission that he was an incorporator of ESI and the fact that Roberts relinquished all his rights in the approximately $100,000 debt in exchange for ESI forgiving his debt which totaled $3,500 or 3.5% of that amount. Also, the court noted, at the hearing on Feltman's motion that Roberts did not know the exact

amount of the debt he owed ESI, and Danny Newland, president of ESI, did not know the exact amount of the judgment ESI received on assignment. Although these facts were sufficient to support the invalidation of the assignment under Ark. Code Ann. § 4-59-204 (a)(1987) as a fraudulent transfer, the court based its decision on the fact that ESI could not acquire any rights greater than those of its assignor. *See* Ark. Code Ann. § 4-58-101 (1987).

The chancellor was also correct in his ruling that Feltman was entitled to a setoff of his judgment for reimbursement and contribution against Roberts. Ark. Code Ann. § 16-65-603 provides:

> (a) Judgments for the recovery of money may be set off against each other, having due regard to the legal and equitable rights of all persons interested in both judgments.
>
> (b) The set off may be ordered upon motion after reasonable notice to the adverse party, where both judgments are in the same court, or in an action by equitable proceedings in the court in which the judgment sought to be annulled by the set off was rendered.

Ark. Code Ann. § 16-65-603 (1987).

Here, the chancellor took adequate steps to ensure that the rights, of all parties interested in the judgment were protected by first ordering a hearing on Feltman's original petition and secondly by suspending the proceedings until such time as ESI could be notified and appear to contest the matter. Both the AIDC judgment against Feltman and the Feltman judgment against Roberts resulted from the same proceeding and Feltman's petition was an equitable action brought in the same court. Because Feltman's judgment against Roberts and the judgment Roberts acquired on assignment from AIDC were rendered in the same court and the chancellor, in all respects, complied with Ark. Code Ann. § 16-65-603, we cannot say the findings of fact upon which the set-off was based were clearly erroneous.

Appellant's argument that the court erred in finding that Feltman's judgment against him "automatically" gave Feltman a right to set-off is also without merit. Ark. Code Ann. § 16-65-602 states in relevant part:

> (b)(1) Whenever a judgment is satisfied otherwise than upon an execution, it shall be the duty of the party or his

attorney within sixty (60) days thereafter, to enter satisfaction in the judgment book. . . .

(2) the court may, on motion and notice, compel an entry of satisfaction to be made.

* * *

(c)(1) If the person receiving satisfaction of any judgment or decree neglects or refuses to acknowledge the satisfaction of the judgment or decree within the time prescribed by subdivision (b)(1) of this section, the party interested may, on notice given to the adverse party or his attorney, apply to the court to have satisfaction entered.

(2) If the court is satisfied that the plaintiff . . . has received full satisfaction of the judgment or decree, an order shall be made directing the clerk to enter satisfaction on the judgment or decree, which shall have the same effect as if it had been acknowledged by the party.

(3) The costs attending the application shall be recovered of the party so refusing, by execution, as in other cases.

Ark. Code Ann. § 16-65-602 (1987).

■ It appears that, in this case, appellee Feltman petitioned the court under this section to have his judgment satisfied. The court conducted a hearing on the issue, giving appellant Roberts ample opportunity to dispute the proposed satisfaction. Upon the evidence presented, the court made the factual finding pursuant to section (c)(2) above that Feltman was entitled to satisfaction by virtue of his right to a setoff. While Ark. Code Ann. § 16-65-603 makes no provision for satisfaction of judgment, the chancellor used both the terms "setoff" and "satisfaction" in its final decree. The authority not expressly given by § 16-65-603 is provided in § 16-65-602. We will affirm the chancellor's decision if it is correct for any reason, *Pryor v. Raper,* 46 Ark. App. 150, 877 S.W.2d 952 (1994). Because it follows from the court's finding that Feltman was entitled to a complete setoff that he was also entitled to satisfaction of the adverse judgment, we cannot say the chancellor's finding in this regard was clearly erroneous.

■ Mr. Robert's final argument challenges the chancellor's award of costs, including attorney fees to Feltman. The court was

clearly authorized under Ark. Code Ann. § 16-65-602 (c) to award Feltman his costs, but cited no specific statute authorizing the award of an attorney's fee. Under state law and our prior decisions, an award of attorney's fees without express statutory authority is improper. *See Ark. Dept. Hum. Serv.* v. *Kistler,* 320 Ark. 501, 898 S.W.2d 32 (1995). Attorney's fees are not "costs" within the meaning of Ark. Code Ann. § 16-65-602(c) and may not be awarded unless specifically provided for by statute. *Damaron* v. *University Estates,* 295 Ark. 533, 750 S.W.2d 402 (1982). Therefore, Feltman should have only been awarded the costs he incurred in pursuing his Petition for Satisfaction of Judgment. Accordingly, the chancellor's decision is modified to reflect that Feltman is awarded $40 as his costs expended in the prosecution of his petition.

Affirmed as modified.

HAYS, S.J., agrees.

GRIFFEN, J., concurs.