William Gerald BLOCKER *v.* Teresa BLOCKER

CA 96-972                                                    944 S.W.2d 552

Court of Appeals of Arkansas
Division IV
Opinion delivered May 7, 1997

*Donald C. Donner,* for appellant.

*William P. Anderson,* for appellee.

WENDELL L. GRIFFEN, Judge. William Blocker appeals the ruling of the Washington County Chancery Court granting appellee Teresa Blocker custody of the parties' minor child. For reversal, appellant argues that the chancellor erred by refusing to rule that the act of "child snatching" tolls the running of the six-month period required to attain "home state" status under Ark. Code Ann. § 9-13-203(a)(1) (Repl. 1993); that a child-custody action filed in South Carolina was a "simultaneous proceeding" and the chancellor erred in failing to communicate with the South Carolina court to determine whether Arkansas was an inconvenient forum; and that the chancellor erred in finding that Arkansas was not an inconvenient forum under the provisions of Ark. Code Ann. § 9-13-207 (Repl. 1993). We find no error and affirm.

Appellant and appellee were married in February 1986, and lived in South Carolina with their four-year-old child. In January 1995, appellee left South Carolina with the minor child, came to Arkansas, and filed an order of protection alleging physical abuse by appellant that was later withdrawn. While appellant asserts that he made efforts to locate his wife and child, no documents were filed with the South Carolina courts to preserve his custodial rights. Appellee filed for divorce in Washington County, and appellant was served with the summons and complaint on December 14, 1995. Appellant contends he first learned that his family was in Arkansas when he was served, but testified at trial that he suspected that appellee went to Arkansas to live with family. Appellant filed an answer to the complaint on January 5, 1996. A month after being served, appellant filed a child-custody action in South Carolina.

Appellant then filed a motion in Washington County requesting that the Arkansas court decline child-custody jurisdiction pursuant to Ark. Code Ann. § 9-13-207, on the basis that the state of Arkansas is an inconvenient forum under the Uniform Child Custody Jurisdiction Act (UCCJA), and that South Carolina had a closer connection with the child, and that substantial evidence concerning the child's welfare was more accessible in South Carolina. The chancellor denied the motion and appellant's request that the chancellor communicate with the South Carolina court to determine which forum was the "home state"

of the child under the UCCJA. Appellant then withdrew his answer, and made an entry of appearance and waiver of corroboration of the grounds for divorce. The chancellor granted appellee an uncontested divorce, and after a hearing, found that it was in the best interest of the child to be placed with appellee.

■ Addressing appellant's first issue on appeal, we note that appellant's argument regarding the home state of the child was significantly different at the trial level. There appellant argued that appellee absconded with the parties' minor child in violation of the UCCJA and Parental Kidnapping Prevention Act (PKPA), and that appellee acted in bad faith. Appellant contended below that as a result of appellee's conduct, Arkansas should not be the home state of the child for purposes of making a child-custody determination. However, appellant never raised below whether the act of child-snatching tolls the running of the six-month period for purposes of determining a child's home state under the UCCJA. It is a basic rule of appellate procedure that a party cannot change arguments on appeal. *Ball v. Foehner*, 326 Ark. 409, 931 S.W.2d 142 (1996) (citing *Luedemann v. Wade*, 323 Ark. 161, 913 S.W.2d 773 (1996)). The tolling argument was not properly reserved for appellate review, and therefore cannot be addressed.

■ We do note, however, that the chancellor did not err in finding that Arkansas is the home state of the child. Appellant sought involvement from the South Carolina courts more than a year after appellee and the minor child left South Carolina, and several months after the initiation of the Arkansas divorce and custody proceeding, thus allowing South Carolina to lose jurisdiction:

> One of the main purposes of home state jurisdiction under the PKPA and UCCJA is protection of a parent who remains in the home state after the other parent has taken the child out of state. In order for the protection to apply, the parent remaining in the home state must act promptly to obtain home state jurisdiction. If, for example, a mother and father separate and one of them takes the child out of state, the parent who remains is entitled to have the case heard in the courts of the home state if the remaining parent commences an action for custody within six months of the departure. The physical absence of the child and the other

parent does not deprive the home state court of subject matter jurisdiction. If, however, the parent delays filing for more than six months, the state in which the parent remains would no longer be the home state of the child, and the child may have acquired a new home state that would have jurisdictional priority.

Jeff Atkinson, Modern Child Custody Practice § 3.12 at 129-30 (1986) (citing 28 U.S.C. §1738A(c); 9 U.L.A. 122 (Master ed. 1979); U.C.C.J.A. § 3(a)(1); and the Commissioner's Note to U.C.C.J.A. § 3(a)(1). The chancellor's finding that Arkansas was the "home state" was not clearly erroneous.

██ Second, appellant asserts that the chancellor erred in failing to communicate with the South Carolina court to determine whether the Arkansas forum was inconvenient for purposes of the UCCJA. The applicable statute, Ark. Code Ann. § 9-13-206 (Repl. 1993) provides, in part:

> (a) A court of this state shall not exercise its jurisdiction under this subchapter [under the UCCJA] if *at the time of filing the petition* a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this subchapter . . . .
> (c) If the court is informed *during the course of the proceeding* that a proceeding concerning the custody of the child is pending in another state before the court assumed jurisdiction, it shall stay the proceeding and communicate with the court in which the other proceeding is pending, to the end that the issue may be litigated in the more appropriate forum and that information be exchanged . . . .

In deciding appeals from the chancery courts, we review the evidence *de novo*, only reversing where the chancellor's findings of fact are clearly erroneous. *Roberts v. Feltman*, 55 Ark. App. 142, 932 S.W.2d 781 (1996). There is no merit to appellant's argument that the chancellor should have communicated with the South Carolina court because the South Carolina action had not been filed when appellee filed this action. In *Leinen v. Arkansas Dep't of Human Servs.*, 47 Ark. App. 156, 886 S.W.2d 895 (1994), at the time that a juvenile proceeding was filed in Garland County, Arkansas, the divorce action in another state had not

been commenced. We held that Ark. Code Ann. § 9-13-206 did not apply because there was no "simultaneous proceeding." *Id.* *Leinen* dictates that we affirm the chancellor on this issue.

■ ■ Appellant's last assignment of error asserts that the chancellor abused his discretion in finding that Arkansas was not an inconvenient forum under Ark. Code Ann. § 9-13-207 (Repl. 1993). A court that has jurisdiction to make an initial or modification decree *may* decline to exercise its jurisdiction if it finds that it is an inconvenient forum to make the custody determination and that another court is a "more appropriate" forum. *Id.* The record reveals that appellee and the minor child resided in Arkansas approximately seven months prior to the filing of the divorce and child-custody determination. Since the chancellor found that Arkansas was the home state of the child, and where there were witnesses located in Arkansas as well as South Carolina, appellant has not proven that the chancellor abused his discretion by retaining jurisdiction.

Affirmed.

ROGERS and BIRD, JJ., agree.